233 So.2d 532

**STATE of Louisiana**

**v.**

**Frederick FRANKLIN.**

**No. 50020.**

March 30, 1970.

John P. Dowling, New Orleans, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.

LEVY, Justice Ad Hoc.

Frederick Franklin was charged with the crime of armed robbery. He employed counsel to represent him and after entering a plea of not guilty, he was tried before a twelve-man jury and found guilty. The verdict was rendered on September 12, 1967. Twice, on motion of defense counsel the court deferred sentencing until September 20, 1967 at which time the defendant was sentenced to serve thirty years at hard labor in the state penitentiary.

The defendant is appealing from his conviction and sentence.

Following the sentencing the accused discharged his trial counsel, Mr. Edward Villere, and engaged Mr. John Dowling to represent him. The latter, on October 4, 1967, filed a motion for a suspensive appeal. Thereafter, between October 16, 1968 and June 10, 1968, he filed motions for a new trial a nd in arrest of judgment, an application for a bill of particulars, a prayer for oyer, a motion to suppress evidence, a motion to quash the bill of information and a supplemental motion to quash. Following a hearing on the mentioned pleadings, the district court overruled the motions, applications, etc. The defendant reserved a separate bill of exceptions to the ruling on each motion. They are bills of exceptions Nos. 4 through 9.

Three bills of exceptions were reserved during the course of the trial. They are bills of exceptions Nos. 1 through 3.

Bill of exceptions No. 1 was taken under the following circumstances. It had been established that the victim of the robbery was one Mike Michel, a delivery truck driver, and that three persons took part in its commission. The offense took place just outside the store of Vincent Bevinetto where Michel had intended to make a delivery. After one of the perpetrators searched Michel and took from him an unspecified sum of money, he told Michel to get back in the truck and drive off without looking back. As he did so, Bevinetto arrived at the scene and observed the truck driving off and three persons leaving the scene. Not then being aware that a robbery had been committed, Bevinetto did not carefully scrutinize the three persons and when testifying he stated that he was unable to make any positive identification. However, he was able to give a general description of the three persons he had seen leaving as he arrived. The accused was asked to stand, and the witness was asked the following question:

"Mr. Bevinetto, I understand you did not make any identification of the subject, but I ask you if the subject whom you saw standing up just now, is there anything about this subject that is in any way contra or at odds with any of the three subjects whom you saw walking past you?"

Defense counsel objected and reserved bill of exceptions No. 1, when his objection was overruled. Thereafter, the witness did not answer the specific question which had been objected to. But he did testify again as to the general description of the persons he had seen, and on further questioning by the district attorney he said that the accused, from his general appearance, could have been one of the three persons—that is, he was not too tall, or too short.

We find no merit in the bill. The jury was made well aware that the witness was not making a positive identification of the accused as one of the persons seen by him, but only that he fit the general description of such persons. It was, we think, relevant circumstantial evidence, and that the objection goes to the weight rather than the admissibility of the testimony. It differs little, if any, from testimony as to the color or kind of apparel worn by a person at the scene of the crime when that is material, although circumstantial only.

In his brief and in oral argument to this court defense counsel concedes that bills of exceptions Nos. 2 and 3 are without merit. We have examined them and agree. Consequently, they require no further discussion.

In a per curiam to each of the bills of exceptions reserved to the overruling of the defense motions, which were filed after sentencing, the trial judge points out that his reason for overruling the motions was that they were filed too late. He cites the appropriate Code of Criminal Procedure articles applicable to each motion.

We are of the opinion that his rulings were correct. Therefore, except for two issues presented in the motion to suppress and the supplemental motions to suppress (which will be discussed hereafter) we find it unnecessary to discuss the merits of those motions. In this court, however, defense counsel argues that under the circumstances of this case the trial court should have considered the motions, even though they were filed untimely, and that in the absence of his having done so, we should consider them.

■ In presenting his argument counsel emphatically stated that he was not urging that the defendant's trial attorney was incompetent, inept or ineffective, but that, to the contrary, he afforded the accused adequate representation. Nevertheless, at the same time, he asserts that the accused was not fully advised of his constitutional rights and he makes certain other observations which, we think, amount to a charge that the accused was not adequately represented at all stages, albeit that the trial attorney was paid counsel of defendant's own choosing.

We find no merit in these contentions. As previously observed, Mr. Villere represented defendant until after he was sentenced after which he was dismissed by his client who thereafter employed his present counsel. The record is void of any evidence to indicate that Mr. Villere's conduct in defense of his client was so inept or incompetent as to deprive the accused of a fair trial and adequate legal representation. On the contrary, the record indicates that Mr. Villere conducted an able defense for the accused and reserved three bills of exceptions which, in his opinion, had sufficient merit on which to base an appeal.

In the motion to quash and the supplemental motion to quash which are reurged in this court, it is asserted (1) that the bill of information charges an offense for which prosecution can be instituted only by a grand jury indictment under the provisions of the Fifth Amendment to the Constitution of the United States, and (2) that the bill of information is fatally defective in that it fails to set forth essential elements of the offense of armed robbery.

We consider these complaints because, if they are valid, they would constitute errors patent on the face of the record of which we can take notice even in the absence of a formal bill of exceptions. Articles 535

and 920(2) of the Code of Criminal Procedure.

■ However, we find that the complaints are without substance. The issue raised by the first complaint, that is, that the charge can be made only in a grand jury indictment, was presented to us in State v. LaCaze, 252 La. 971, 215 So.2d 511 and was decided adversely to the accused. We adhere to that ruling. See also Kotek v. Bennett, 255 Iowa 984, 124 N.W.2d 710, cert. den., 376 U.S. 188, 84 S.Ct. 637, 11 L.Ed.2d 604; Blakesley v. Crouse, 10 Cir., 332 F.2d 849, cert. den., 379 U.S. 949, 85 S.Ct. 446, 13 L.Ed.2d 546; State ex rel. Morford v. Fogliani, 82 Nev. 79, 411 P.2d 12, cert. den., 385 U.S. 963, 87 S.Ct. 399, 17 L.Ed.2d 308, reh. den., 385 U.S. 1021, 87 S.Ct. 721, 17 L.Ed.2d 561; Morford v. Hocker (same case), 9 Cir., 394 F.2d 169, cert. den., 392 U.S. 944, 88 S.Ct. 2329, 20 L.Ed.2d 1406, reh. den., 393 U.S. 900, 89 S.Ct. 78, 21 L.Ed.2d 194 and Martin v. Beto, 5 Cir., 397 F.2d 741, cert. den. 394 U.S. 906, 89 S.Ct. 1008, 22 L.Ed.2d 216.

■ The second charge leveled against the bill of information is likewise without substance. It is based on the assertion that the information does not name the other persons who participated in the crime with the accused, or indicate that three persons, rather than just the defendant, were involved in the perpetration of the alleged offense.

We find no law, and defendant cites none, that such an allegation is required in a bill of information. And we fail to perceive in which respect the name or number of other participants to an alleged offense constitutes an element thereof. Besides, the information is drawn in the approved short form, as provided in Article 465 of the Code of Criminal Procedure.

For the reasons assigned the conviction and sentence are affirmed.