BARHAM, Justice.
 

 On application of the State we granted certiorari to consider a ruling of the First Judicial District Court, Parish of Caddo, Louisiana, which denied the State’s motion for an order requiring the defendant to give handwriting exemplars to the officers of the police department.
 

 The defendant William Earnest Thompson was arrested and charged with the theft of $378.59. In its motion for handwriting exemplars the State alleged that the defendant used lost and stolen credit cards issued to customers of Humble Oil & Refining Company in order to submit false invoices to which he forged the signatures of the owners of these credit cards. The defendant was under arrest
 
 [1]
 
 when the State filed its motion requesting handwriting samples, and one of the judges of the district court signed an ex parte order on March 4, 1970, ordering the defendant to furnish handwriting exemplars. When the motion and order were made known to the defendant in open court, he objected, and a hearing was set. On March 20, 1970, another judge of the district court rescinded the original order and denied the State’s request for the handwriting specimens. The State objected to this ruling, reserved a bill of exception, and made application to this court for writs.
 

 The trial judge in his per curiam to the bill of exception treated the motion as one seeking discovery, and in refusing it cited State v. Hunter, 250 La. 295, 195 So.2d 273
 
 *937
 
 (1967). The defendant, also relying upon Hunter, argues in opposition to the application for writs and before this court that the motion for production of handwriting exemplars is a motion for pre-trial discovery, not authorized by Louisiana law in criminal cases. State v. Hunter is inapposite to the problem at hand, for the request for handwriting examples is not a part of discovery proceedings.
 

 In Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), the Supreme Court of the United States said: “ * * * The taking of the exemplars did not violate petitioner’s Fifth Amendment privilege against self-incrimination. * * A mere handwriting exemplar, in contrast to the content of what is written, like the voice or body itself, is an identifying physical characteristic outside its protection. * * *
 
 ”
 
 The court in Gilbert cited and relied upon Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), and United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).
 
 [2]
 

 Our own court in State v. Tarrance, 252 La. 396, 211 So.2d 304 (1968), on the basis of these United States Supreme Court decisions, concluded that a handwriting exemplar was admissible as evidence in a criminal prosecution. From these cases it is evident that the protection against compulsory self-incrimination afforded the defendant under Article 1, Section 11, of the Louisiana Constitution and under the Fifth Amendment to the United States Constitution does not extend to the physical characteristics of his handwriting.
 

 It is argued for the defendant that notwithstanding all of this authority an accused should not be
 
 ordered
 
 or
 
 coerced
 
 to furnish a sample of his handwriting. Schmerber v. California, supra, specifically held that in the face of refusal to submit to a blood test a defendant may be compelled to furnish a blood sample by physical invasion with needle and extraction of blood by a physician. Schmerber likened the taking of a blood sample to the “ * * * compulsion to submit to fingerprinting, photographing, or measurements,
 
 to zvrite
 
 or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture”. (Emphasis supplied.) While the court in Schmerber did not necessarily approve the past application of the distinction, it recognized the rule: “ * * * The distinction which has emerged, often expressed in different ways, is that the privilege [against self-incrimination] is a bar against compelling ‘communications’ or ‘testimony,’ but
 
 *939
 
 that
 
 compulsion
 
 which makes a suspect or accused the source of ‘real or physical evidence’ does not violate it.” (Emphasis supplied.)
 

 The Wade case, supra, held that the exhibition of a defendant for observation by prosecuting witnesses in a lineup before trial involved no compulsion of the accused to give evidence having testimonial significance. It adopted the language of Schmerber, quoted above.
 

 Finally, although Gilbert v. California did not involve the question of
 
 an order
 
 for the production of handwriting, the court treated the sample of the defendant’s handwriting as having been given involuntarily or under compulsion. It said: “We pass the question of waiver since we conclude that the taking of the exemplars violates none of petitioner’s constitutional rights.” Gilbert is bottomed on the rationale and the language of Schmerber, and it is an affirmative holding that a defendant may be compelled to submit a handwriting sample.
 

 We specifically hold here that one under arrest may be ordered to furnish handwriting exemplars to the proper officers. The use of court orders and of the court’s contempt power is certainly more humane than physical coercion. While not necessarily the only method, this is a proper and legal method for compelling one under arrest to give handwriting exemplars.
 

 For the reasons assigned the order of the district court refusing the State’s request for handwriting exemplars from the defendant is recalled and set aside, and the defendant is ordered to make and give to the officers of the Shi'eveport Police Department handwriting exemplars as requested in the State’s written motion. The writ of mandamus is issued, and the district court is ordered to implement as necessary the judgment of this court in accord with the reasons herein stated.
 

 [1]
 

 . It is apparently conceded, and for the purposes of this opinion we accept as true, that the arrest and detention of the defendant wore legal.
 

 [2]
 

 . See also Lewis v. United States, 127 U.S. App.D.C. 269, 382 F.2d 817 (1967), in which the Honorable Warren E. Burger, now Chief Justice of the United States Supreme Court, was the organ of the Court of Appeals; Bradford v. United States, 413 F.2d 467 (C.C.A. 5th 1969).