For the reasons assigned, the judgment of the trial court is affirmed.

260 So.2d 623

**STATE of Louisiana**

v.

**Richard Ray CARTER.**

**No. 52173.**

April 13, 1972.

tered, and that he requested a warrant on that date.

Philip L. Kitchen, New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

The defendant, Richard Ray Carter, was tried by a jury and convicted of the crime of armed robbery, and sentenced to serve 15 years at hard labor in the Louisiana State Penitentiary (La.R.S. 14:64). On this appeal, the accused is relying on five bills of exceptions to obtain a reversal of the conviction. We find merit in none of them.

Bill of Exceptions No. 1 and No. 5 were taken to the trial court's overruling motions for continuance. In the first instance, defense counsel sought additional time to find and produce a witness prior to start of the trial after an earlier delay granted for that purpose. After conviction, counsel sought a third delay in sentencing, after being granted two earlier delays, again hoping to find the missing witness.

Code of Criminal Procedure Article 712 vests in the trial court the discretion to grant a continuance in any case if there is good grounds for it. We have consistently held that the trial court's ruling granting or refusing a continuance will not be disturbed except where the discretion has been exercised arbitrarily or unreasonably.

State v. Ganey, 246 La. 986, 169 So.2d 73 (1964); State v. Polk, 258 La. 738, 247 So.2d 853 (1971), and cases cited. We note also the motions for continuance were not in writing as required by La.C.Cr.P. art. 707, nor was defense counsel able to state with any certainty the whereabouts or when the witness would be available to the court for trial. We find no abuse of discretion in, and no prejudice flowing from the ruling of the trial court.

Bill of exceptions #2 was taken by counsel when the state exhibited to the robbery victim a knife allegedly used in the crime. Bills of exceptions #3 and #4 were taken alleging improper chain of custody of evidence (the knife and money) taken from the defendant by the police.

 We find the trial court's per curiam correctly refuting this contention ruling the introduction of the knife and money admissible. There was enough circumstantial evidence before the jury concerning the knife and money to allow these items to be introduced into evidence. It was the duty of the jury to determine from the evidence as to whether the knife in evidence was the knife used in the alleged crime and whether the money was in fact that stolen from the victim. See State v. Rideau, 242 La. 431, 137 So.2d 283, reversed on other grounds 373 U.S. 723, 83 S.Ct. 1417, 10 L.Ed.2d 663, on remand 246 La. 451, 165 So.2d 282. Evidence as to the

chain of custody, control and supervision of these items was sufficient (Record, p. 101) to support their admission into evidence. State v. Coleman, 254 La. 264, 223 So.2d 402 (1969); State v. Royal, 255 La. 617, 232 So.2d 292 (1970); State v. Bertrand, 247 La. 232, 170 So.2d 386, cert. den. Bertrand v. Louisiana, 382 U.S. 960, 86 S. Ct. 442, 15 L.Ed.2d 364 (1964).

These bills are without merit.

For the reasons assigned, the conviction and sentence of Richard Ray Carter are affirmed.