273 So.2d 261 (1973)
STATE of Louisiana
v.
Raymond ODOM.
No. 52990.
Supreme Court of Louisiana.
February 13, 1973.
Rehearing Denied March 8, 1973.
Maynard E. Cush, Henry C. Walker, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Sp. Asst. Atty. Gen., New Orleans, John A. Richardson, Dist. Atty., Dan J. Grady, III, Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM.
Defendant, Raymond Odom, was convicted of armed robbery and was sentenced to serve twenty-five years in the state penitentiary. La.R.S. 14:64. On this appeal, *262 he relies on four bills of exceptions to obtain a reversal of his conviction and sentence.
Bill of Exceptions No. 1 was reserved by defense counsel when the trial court overruled his objection to a request by the District Attorney to have the defendant brought to the witness stand so that the victim could "confirm her identification by visually inspecting his (the defendant's) upper teeth." However, the record does not indicate that the defendant was actually brought forward to the witness stand for this requested close-up inspection, apparently because defense counsel conceded that the defendant did, in fact, have gold inlays.
Counsel also argues that the victim's identification allegedly based solely on her observation that the robber "had either gold inlays or two gold front teeth", was so "tenuous and based on such illogic as to render the identification totally useless."
After careful consideration of this bill, we find it lacks substance under our recent decision in State v. Junius, 257 La. 331, 242 So.2d 533 (1970), where, in a similar, in-court identification situation, we said:
"We find no error under the circumstances shown. This is not an instance where the defendant is first identified as the perpetrator of the criminal act by unnecessarily suggestive procedures conducive to mistake. Additionally, here, the confusion of the young witness, the fact that the identification in large part depended on an arm scar not readily observable when sitting, and the circumstance that this case involves an in-court recognition of a suspect previously properly identified independentlyall persuade us that, in the totality of circumstances, the present identification was not unduly prejudicial and did not constitute a denial of due process."
Neither does the defendant claim that his being requested to display his teeth at the trial violated any other constitutional protection, such as the privilege against self-incrimination. Nor could he, validly. See Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); State v. Thompson, 256 La. 934, 240 So.2d 712 (1970).
We therefore reject the defendant's claim that his conviction should be reversed for the reason claimed. See also State v. Franklin, 255 La. 830, 233 So.2d 532 (1970). This bill is without merit.
Defense counsel, by taking Bill of Exception No. 2, contends that the trial court erred in admitting into evidence a pistol and clip allegedly used by the defendant in the commission of the crime for reasons that the proper chain of custody had not been established.
The basis of the defense objection was that the detective who actually had physical possession of the gun did not testify or come forward with testimony as to his part in having possession of the gun. Defense counsel was also concerned "that the gun itself had absolutely no identification marks of any kind". However, a review of the record (R-116-117) indicates otherwise. Detective Humphrey testified that he did, in fact, mark the pistol with his initials and the date, and that he accompanied Detective Russell, who had actually handcarried the gun, to police headquarters. Further, Detective Humphrey testified that upon arrival at headquarters, he locked the gun in his desk until bringing it to court.
As this Court said in State v. Gladden, 260 La. 735, 257 So.2d 388 at 396 (1972);
"The chain of custody or connexity of the evidence is a matter for the jury to decide, so long as the objects introduced are shown to be reasonably connected with the defendant or the crime and have some relevancy which the trial judge considers sufficient to warrant their introduction into evidence. * * * the identification is not required to be *263 absolute, certain or wholly unqualified, and where there is some evidence for this purpose, objections to its sufficiency go to the weight rather than the admissibility of the objects in question (citations omitted). * * *"
In our opinion a sufficient chain of custody, possession, control and supervision was established to permit the introduction of these exhibits. See also State v. Carter, 261 La. 560, 260 So.2d 623 (1972).
This bill lacks merit.
Bill of Exceptions No. 3 was taken to allegedly inflammatory and prejudicial remarks in the presence of the jury, by the District Attorney in regard to the defendant's previous criminal record, including the contention that the defendant could not be questioned regarding a previous conviction for a misdemeanor.
The colloquy to which defense counsel objected was as follows:
CROSS EXAMINATION BY ASSISTANT DISTRICT ATTORNEY (MR. GRADY):
Q. In 1967 you were brought in on two charges of theft and one of simple burglary and you were sentenced on one charge of
WITNESS: (defendant, Raymond Odom)
A. In 19 what?
Q. one charge of theft.
A. In 19
Q. 1967.
A. No, in 1967 I am in Angola in 1967.
Q. Apparently.
A. You have got those charges, I believe a little mixed up. Because I ain't never had that much time.
Q. On August 21, 1967, in this Court you were sentenced to six years.
A. That was for car theft.
Q. All right. And what were you most recently convicted of?
MR. WALKER: (defense counsel): If the Court please, we are going to object to raising any misdemeanor charges. There is no question the defendant has got a long criminal record. We are not the District Attorney continues to raisehe was charged with burglary and then convicted of car theft. Well, you can charge a man with anything. That is irrelevant and ought to be stricken from the record and ought not to be allowed to go into misdemeanors.
MR. GRADY: I think that has been corrected. He received six years on the charge of theft.
MR. GRADY:
Q. What was your most recent conviction?
MR. WALKER: That is what I am objecting to. That is a misdemeanor, Your Honor and we think it is irrelevant and ought not to be brought up.
THE COURT: I never heard of any rule where you can't bring up a misdemeanor.
MR. WALKER: We understood that to be the rule. We may be mistaken.
THE COURT: Do you know anything about it?
MR. GRADY: No, Your Honor, I don't.
MR. CUSH: (defense counsel): Your Honor, we further object to the generality of the question. I mean the whole tenor of the District Attorney's question is what were you most recently convicted of. If he wants to ask him if he has been convicted of anything else let him ask him straight forward.
THE COURT: He is entitled to ask the questions the way he wants to. I am going to overrule your objection.
*264 Any prejudice that may have resulted from this exchange would appear to be that which flowed from the statements of defense counsel himself. While the Assistant District Attorney seems to have begun his cross-examination somewhat awkwardly, it is quickly clarified that the only conviction the defendant had was that for car theft for which he was given six years. Thereupon, however, defense counsel himself says "* * * There is no question the defendant has got a long criminal record ..." And later, interrupting before the defendant could answer the prosecution's question, "What was your most recent conviction?", defense counsel says, "* * * That is a misdemeanor ...".
La.R.S. 15:495 specifically provides for the impeachment of a witness by evidence of conviction of crime:[1]
"Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein. As amended Acts 1952, No. 180, § 1."
Even assuming any impropriety of the District Attorney's statement, he immediately corrected himself and the objection appears to have been abandoned, if indeed any objection to this point was made at all. Rather, defense counsel immediately became concerned with whether or not the prosecution could go into previous convictions of a misdemeanor status.
We conclude that remarks of the prosecution did not constitute any reversible error. Neither do we find defense counsel's interpretation that R.S. 15:495 pertains only to felony convictions and not to misdemeanors to have any validity.[2] State v. Dundas, 168 La. 95, 110, 121 So. 586 (1929) and the cases cited therein.
Bill of Exceptions No. 3 is without merit.
The defendant reserved Bill of Exceptions No. 4 to the trial judge's denial of the defense request to ten of eleven special charges. The trial judge's per curiam explains that defendant's special charges Nos. 1, 2, 4, 5 and 11 were covered in his general charge to the jury, and special charges Nos. 6, 7, 8, 9 and 10 "were felt not to be necessary".
While the evidence attached to this bill does contain the defendant's requested special charges, it does not incorporate the trial court's general charge. This omission deprives this Court from making a determination as to the validity of the defendant's allegations vel non. In consequence, we are bound by the trial judge's finding since the evidence is not attached to the bill of exceptions. State v. Leierer, 242 La. 961, 140 So.2d 375 (1962). The burden is on the defendant to prepare his bills so as to enable this Court to say whether the trial judge erred in his rulings. La.C.Cr.P. Art. 844, Subd. B. This bill is insubstantial.
For the reasons assigned, the conviction and sentence are affirmed.
*265 BARHAM, Justice (concurring).
In the proper case we should exclude the introduction of other convictions for the purpose of impeachment and as an attack upon credibility unless the convictions are of offenses which, by their very nature, charge perjury, falsification, or lack of truthfulness.
NOTES
[1] See Redactor's Comments (e) to C.Cr. P. Art. 770, to the effect that the defendant cannot get relief from defense counsel's remarks that are prejudicial to the defendant any more than he can from other errors made by his counsel.
[2] See La.R.S. 14:7 which clearly defines "crime" as "* * * that conduct which is defined as criminal in this Code, or in other acts of the legislative or in the constitution of this state." There is no limitation to crimes of felony status.