290 So.2d 840 (1974)
STATE of Louisiana,
v.
Wayne J. PRATHER.
No. 53979.
Supreme Court of Louisiana.
February 18, 1974.
*841 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Fred A. Blanche, III, Sp. Prosecutor, Dist. Atty., for plaintiff-appellee.
Murphy W. Bell, Director, Warren J. Hebert, Trial Atty., Baton Rouge, for defendant-appellant.
DIXON, Justice.
The defendant was tried and convicted of simple burglary. R.S. 14:62. He was sentenced to serve three years in the State penitentiary. Defendant appeals, relying upon one bill of exceptions to obtain a reversal of his conviction and sentence.
At trial the defendant, through his counsel, announced his intention to take the witness stand in his own behalf. Defense counsel informed the court out of the presence of the jury that the defendant had previously been convicted of burglary, and moved that the district attorney be prohibited from using this conviction for impeachment purposes. The trial judge, relying upon R.S. 15:495, overruled this motion stating:
". . . in the opinion of this Court, those questions should be limitedprior convictions should be limited to matters which reflect on veracity under oath, such as perjury. However, that is not our jurisprudence, and therefore, the Court will overrule the motion that was made by counsel."
Defendant reserved his one bill of exceptions. The accused then took the stand in his own behalf, and the State used his prior conviction to impeach his credibility.
Defense counsel concedes that R.S. 15:495 clearly permits the State to use evidence of prior convictions of felonies to impeach the credibility of a defendant once the defendant has placed his credibility at issue by becoming a witness at the trial. He contends, however, that the statute is unconstitutional, depriving the accused of due process and equal protection of the laws.
R.S. 15:495 provides:
"Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein."
R.S. 15:462 provides:
"When a person accused, or a husband or wife becomes a witness, such witness shall be subject to all the rules that apply to other witnesses, and may be cross-examined upon the whole case."
The trial judge was correct in his application of the statute. Louisiana jurisprudence has not limited impeachment testimony to recent crimes, nor to crimes indicative of the credibility of the witness or of the testifying defendant. State v. Rossi, La., 273 So.2d 265 (1973). R.S. 15:495 has *842 been read to include convictions of misdemeanors. State v. Odom, La., 273 So.2d 261 (1973); State v. Dundas, 168 La. 95, 121 So. 586 (1929) and the cases cited therein.
Our jurisprudence is uniform in holding that a witness who takes the witness stand in his own behalf waives his privilege against self incrimination, and is subject to cross-examination and impeachment in the same manner as any other witness. State v. Domino, 234 La. 950, 102 So.2d 227 (1958); State v. Suire, 142 La. 101, 76 So. 254 (1917).
In Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), the United States Supreme Court in dicta recognized the validity of using evidence of other crimes for purposes of impeachment when the defendant has taken the stand and testified on his own behalf.[1] The proposed Rules of Evidence for United States Courts and Magistrates (approved by the Supreme Court and currently awaiting Congressional approval) perpetuate this traditionally recognized method of impeachment.
In the present case the defendant admitted a previous conviction of burglary that occurred two years before. This conviction is not too remote in time to be irrelevant. The jury is capable of assigning a proper weight to such evidence affecting the defendant's credibility.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., dissents with reasons.
BARHAM, Justice (dissenting).
R.S. 15:495 permits the State to impeach, by use of evidence of other convictions, the credibility of an accused who exercises his constitutional right to testify in his own defense. I am of the opinion that this statute violates a criminal defendant's rights under the Louisiana Constitution (Article 1, § 9, and Article 1, § 2 [our due process clause]), to due process of law and to defend himself.
Under R.S. 15:495, the credibility of an accused who takes the witness stand may be attacked by proof of prior convictions regardless of whether the prior crimes of which the accused was convicted rationally have any probative value on the issue of his veracity and regardless of the period of time which has elapsed since conviction. An accused therefore knows that the decision to exercise his constitutional privilege of defending himself will result in the statutorily authorized but nonetheless indiscriminate use of any and all prior convictions to discredit him as a witness. Necessarily, then, the potential prejudice to a defendant which exists by virtue of the availability of evidence of prior convictions for impeachment use inhibits a defendant who has prior convictions in the exercise of his constitutional right.
If the use of evidence of other convictions for impeachment purposes was restricted by R.S. 15:495 to evidence of conviction of crimes which have some rational bearing upon the accused's propensity for veracity, such as a perjury conviction, I would readily concede the relevance and admissibility of such evidence. See my concurrence in State v. Odom, 273 So.2d 261 (La. 1973). However, no such restriction is incorporated in the language of the statute and the jurisprudence does not supply such a restriction. It is true that some tenuous arguments[1] are made in *843 support of the unrestricted use of prior convictions for impeachment purposes, but these arguments do not impress me as convincing.
In recent decisions issuing from this Court, introduction of evidence of other criminal acts introduced for the purpose of proving system, knowledge and intent has been subjected to stringent guidelines. See State v. Prieur, 277 So.2d 126 (La.1973); State v. Moore, 278 So.2d 781 (La.1973); and State v. Ghoram, La., 290 So.2d 850. In State v. Pettle, 286 So.2d 625 (La.1973), we stated, "* * * We fully expect the State to weigh carefully the probative value of even relevant and admissible evidence against the prejudicial effect upon the jury. We expect the trial court to control the production of relevant evidence of probative value in a manner which will guard against an over-zealous presentation by the State designed primarily to prejudice the jury into a determination of guilt based upon the defendant's guilt of a crime for which he is not on trial. * * *"[2]
The portion of Pettle quoted above points up the serious flaw uncovered in the case sub judica. A determination of guilt or innocence in a criminal trial often depends on jury appraisal of the relative credibility of witnesses for the State and the accused, when the accused takes the stand in his own defense. When prior convictions of a criminal defendant have a rational bearing on his veracity, prejudice flowing from introduction of evidence of other convictions for impeachment purposes may well be outweighted by the assistance such evidence gives the jury in making its determination of credibility. But when evidence of prior convictions, introduced for the purpose of impeachment, potentially prejudices a jury against an accused and tends to establish nothing more than his bad character, even clear statutory authority to present such evidence may not overshadow the defendant's right to a fair trial which comports with constitutional standards.[3]
As noted by the majority, the United States Supreme Court, in Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), appears to have approved in dicta, the use of evidence of prior convictions to impeach a testifying defendant. However, the apparent approval of such a potentially prejudicial practice appears to be based on the fact that there is found to exist a valid state purpose in the introduction of the damaging evidence. The statute at issue in Spencer was a Texas recidivist statute, not an evidentiary rule.
The United States Supreme Court has not considered whether our statutory provision contravenes the guarantees of the United States Constitution. We are in no way foreclosed from affording due process rights under our Louisiana Constitution greater than those rights secured to an individual under the United States Constitution. Moreover, we are required to construe and apply the Louisiana Constitution.
For the foregoing reasons, I respectfully dissent from the affirmance of defendant's conviction.
NOTES
[1] Contra, State v. Santiago, 53 Haw. 254, 492 P.2d 657 (1971). In Santiago a statute similar to R.S. 15:495 was held unconstitutional.
[1] The following appears in the Advisory Committee's Note to Rule 6-09 of the Proposed Rules of Evidence for the United States District Courts and Magistrates (Preliminary Draft, 1969): "* * * While it may be argued that considerations of relevancy should limit provable convictions to those of crimes of untruthfulness, acts are constituted major crimes because they entail substantial injury to and disregard of the rights of other persons or the public. A demonstrated instance of willingness to engage in conduct in disregard of accepted patterns is translatable into willingness to give false testimony. * * *"
[2] In overruling defendant's motion to prohibit the district attorney from using his prior conviction for impeachment purposes, the trial judge noted that though the jurisprudence dictated his ruling, he was of the opinion that evidence of prior convictions for impeachment purposes should be limited to matters which actually reflect on veracity under oath.
[3] In State v. Santiago, 53 Haw. 254, 492 P.2d 657 (1971), the Supreme Court of Hawaii declared unconstitutional a state statute which allows impeachment evidence of prior convictions against a testifying defendant as violative of the Due Process clauses of its state constitution and of the 14th Amendment to the United States Constitution.