294 So.2d 229 (1974)
STATE of Louisiana
v.
George JOHNSON.
No. 54178.
Supreme Court of Louisiana.
April 29, 1974.
Murphy W. Bell, Director, Warren J. Hebert, Trial Atty., Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Bob H. Hester, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendant was tried under a bill of information charging him with simple burglary. R.S. 14:62. He was convicted after a trial by jury and sentenced to serve five years and six months at hard labor. In this appeal defendant relies on three bills of exceptions to obtain reversal of his conviction and sentence.[1]

Bills of Exceptions Nos. 1 and 3
These bills were reserved when the trial court denied defendant's motion to have the jury view the premises where the burglary took place.
Defense counsel argues that had the jury been taken to the premises they would have seen that the window through which the accused allegedly gained entry to the building was too narrow, 11¾ inches, to permit entry and that the window was too high, 38 inches from the ground, for a person partially crippled, as the defendant, to climb through.
*230 C.Cr.P. 762 provides in pertinent part:
"Sessions of court shall be held at the parish courthouse and, if there is more than one courthouse in a parish, sessions may be held at any such courthouse, or sessions may be held at places within the parish other than the courthouse or courthouses in the discretion of the court:
"(2) To allow the jury or judge to view the place where the crime or any material part thereof is alleged to have occurred, or to view an object which is admissible in evidence but which is difficult to produce in court. At this view, the court shall not permit the taking of evidence except in connection with the place or object; ..."
The grant or refusal of a motion to have the jury view the premises is within the sound discretion of the trial court and will not be disturbed on appeal in the absence of abuse of discretion. State v. Shaffer, 260 La. 605, 257 So.2d 121 (1971); State v. Sinclair, 258 La. 84, 245 So.2d 365 (1971), vacated in part, 408 U.S. 939, 92 S.Ct. 2871, 33 L.Ed.2d 760, conformed to, 263 La. 377, 268 So.2d 514 (1972).
We see no reason why the orderly progress of a trial should be disrupted in order to have the jury view a particular scene where the same information can be imparted to the jury through the use of photographs and other evidence. It is not an abuse of discretion for a trial judge to deny such a motion under those circumstances.
We note that the defendant introduced photographs and testimony showing the dimensions and height of the window. The trial judge did not abuse his discretion in denying the motion.
These bills are without merit.

Bill of Exceptions No. 2
This bill was reserved when the trial court overruled defense objections to inquiries posed to the defendant by the State as to the defendant's prior convictions. The defendant admitted he had previously been convicted of attempted burglary, burglary, carrying a concealed weapon and rape.
R.S. 15:495 provides:
"Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested and can only be questioned as to conviction, and as provided herein."
Defense counsel argues that only prior convictions which relate to the veracity of a witness are admissible under this article.
The use of evidence of prior convictions for the purpose of impeachment is not limited to convictions for crimes relating directly to credibility of the witness or testifying defendant. State v. Prather, 290 So.2d 840 (La. 1974); State v. Rossi, 273 So.2d 265 (La. 1973). The ruling of the trial court was correct.
This bill is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., dissents with reasons.
BARHAM, Justice (dissenting).
I am of the opinion that Bill of Exceptions No. 2 has merit and warrants reversal of defendant's conviction and sentence. R.S. 15:495's authorization of the impeachment use of prior convictions, regardless *231 of their bearing on the issue of a testifying defendant's propensity for prevarication, violates the defendant's state constitutional rights to due process of law and to defend himself. La.Const. Art. 1, § 9 and Art. 1, § 2. See my dissent in State v. Prather, 290 So.2d 840 (La.1974).
I respectfully dissent from the affirmance of defendant's conviction.
NOTES
[1] A fourth bill of exceptions was perfected; however, it is neither briefed nor argued and is deemed abandoned. State v. Matthews, 292 So.2d 226 (La., 1974); State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).