YELVERTON, Judge.
Charged with armed robbery, defendant, Roscoe Jones, Jr., was convicted by a jury of simple robbery. The State then filed an information against him under the multiple offender provisions of La.R.S. 15:529.1. The trial court adjudicated defendant a fourth offender and sentenced him to life imprisonment without benefit of probation, parole or suspension of sentence. The defendant appeals, presenting six assignments of error, the first three having to do with alleged trial errors in the simple robbery conviction, and the last three having to do with his sentencing as an habitual offender. Finding no merit to any of the assignments of error, we affirm the conviction and the sentence.
Early in the morning of December 14, 1982, between the hours of 3:00 and 4:00, Walter Richard reported to the Lake Charles City Police that he had been struck in the head and robbed. According to Richard’s testimony, he had just stopped at a Wizard Fas-Stop on the corner of Broad and Enterprise Boulevard to buy some gas. After the purchase, he drove up Enterprise Boulevard, and there picked up a hitchhiker, the defendant, who asked for a ride to the Sunlight Manor Apartments. During the short ride to the apartment house the defendant tried to sell Richard a small fire extinguisher which defendant was holding in his hand, but Richard did not want to buy the fire extinguisher. As they approached the Sunlight Manor, the defendant suggested that Richard might want to buy a revolver from him that defendant claimed to have in his apartment. When Richard refused to buy the gun, the defendant told him that was just too bad. The defendant then struck Richard in the head with the fire extinguisher, grabbed his wallet, pulled the keys from the ignition of the victim’s pickup truck, and fled. Richard testified that he had about $38 in his wallet at the time. Neither the wallet nor the money was ever returned to him.
Defendant was charged with the crime of armed robbery, a violation of R.S. 14:64. The jury returned a verdict of simple rob *1375 bery, a violation of R.S. 14:65. Defendant’s three assignments of error pertaining to this conviction were (1) the denial of his motion to suppress the use of prior convictions for impeachment purposes, (2) the denial of his motion for production of favorable evidence, and (3) the contention that the verdict of the jury was contrary to the law and the evidence.
ASSIGNMENT OF ERROR NO. 1
Defendant had a long criminal record. Under La.R.S. 15:495, evidence of convictions of crimes is admissible for the purpose of impeaching the credibility of a witness if the witness, after having been questioned as to such convictions, fails distinctly to admit them, and this provision applies to any witness, whether a defendant or not.
By a motion to suppress, the defendant sought a ruling from the trial court forbidding the use of his prior convictions for impeachment purposes at the trial, contending that R.S. 15:495 is unconstitutional. His argument then, and now, is that the State’s possible use of his prior convictions, if he had taken the stand, deprived him of his right to a fair trial, his right to prepare and present a defense, and his right to due process of law. His argument was that he could not afford to take the stand and present his defense because of the effect that disclosure of his prior criminal record would have on the jury.
At the trial, defendant elected not to take the stand and testify in his own defense.
The Louisiana Supreme Court examined the constitutionality of La.R.S. 15:495 in State v. Prather, 290 So.2d 840 (La.1974), saying:
“Our jurisprudence is uniform in holding that a witness who takes the witness stand in his own behalf waives his privilege against self incrimination, and is subject to cross-examination and impeachment in the same manner as any other witness....”
The Prather decision was recently followed in State v. Willie, 410 So.2d 1019 (La.1982), where the court said:
“Defendant urged, in his motion for a new trial, that the trial court erred in not granting his motion to restrain the district attorney from using prior convictions on cross examination. It was argued that Robert Willie would be inhibited from testifying in his own behalf unless the court were to restrain the district attorney from using prior convictions to impeach Willie’s credibility. We find no error in the trial court’s denial of this motion. La.R.S. 15:495; Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967); State v. Prather, 290 So.2d 840 (La.1974).”
These cases answer the contention of defendant regarding the constitutionality of R.S. 15:495. In light of this jurisprudence, the trial court properly denied the defendant’s motion to suppress the use of his prior convictions. This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
Two weeks before trial the defendant moved for the production by the district attorney of “any record of the criminal arrests and convictions of one Walter Richard, the victim or complaining witness in this case.” The request specifically included any National Crime Investigation Center reports. The trial judge granted the motion and the district attorney, at the trial of the case and in open court, declared that he had checked with the local sheriff’s office and also with the NCIC and that the victim, Walter Richard, had no criminal record whatsoever. Being satisfied that the district attorney’s response to the motion to produce was a sufficient compliance with the court order, and that the production of a blank NCIC report with Walter Richard’s name on it was unnecessary, the trial court accepted the prosecutor’s explanation as sufficient compliance with its order.
During the trial the victim, Richard, when asked on cross examination if he had a record of convictions, admitted a DWI 10 to 12 years earlier. The defendant now contends, having objected to the trial court’s refusal to order an NCIC report, whether blank or not, that Richard may have had other convictions, such as perju *1376 ry, and that his admission of the DWI supports the argument that the district attorney might have been in error, and that an NCIC report was the only way that his right to the production of favorable evidence could be fully protected.
In State v. Landry, 381 So.2d 462 (La.1980) our Supreme Court recognized a defendant’s entitlement to the production of favorable evidence under United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), but observed that in order for the omission of exculpatory evidence to deny the defendant his right to a fair trial, the omitted evidence must create a reasonable doubt that did not otherwise exist. The Louisiana Supreme Court in Landry further stated that the omission must be evaluated in the context of the entire record, and that if there is no reasonable doubt created when the additional evidence is considered, there is no justification for a new trial.
In the present case, a blank NCIC report with Walter Richard’s name on it would not create a reasonable doubt as to whether the defendant had committed the crime of simple robbery. The district attorney stated that he had called the NCIC, giving them the victim’s name, age, and date of birth, along with a physical description, and that the agency had then informed him that Walter Richard did not have a record. That being the case, any report rendered by the NCIC would have been a blank sheet of paper with Walter Richard’s name on it. The court’s refusal to order this document was not of sufficient gravity to result in the denial of the defendant’s right to a fair trial. This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 3
The defendant contends that the trial court erred in denying his motion for a new trial based upon the contention that the verdict of the jury was contrary to the law and the evidence.
The standard of appellate review to be applied as to the issue of sufficiency of the evidence to support a conviction, is whether after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that the defendant was guilty. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La.1984).
The crime for which the defendant was convicted is simple robbery, defined by La. R.S. 14:65, which stated at the time of the offense:
“A. Simple robbery is the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon.
“B. Whoever commits the crime of simple robbery shall be fined not more than three thousand dollars, imprisoned with or without hard labor for not more than seven years, or both.”
The defendant was convicted of this crime on the basis of the direct testimony of Walter Richard, the victim. He testified that the defendant hit him on the head with a fire extinguisher and that, while he was dazed and unable to move, defendant took his wallet out of his pocket, pulled the key out of Richard’s ignition, and ran away. Richard said he had $38 in his wallet and that he never got it back. Richard was cut over his right eye and bleeding and still had the facial scar at the time of the trial.
When this evidence is viewed in a light most favorable to the prosecution, any rational trier of fact could have found that the defendant had taken a wallet containing $38 from Walter Richard by use of force and intimidation, thereby committing the crime of simple robbery. This assignment of error lacks merit.
On the basis of our rejection of the assignments of error relative to the conviction for simple robbery, we affirm that conviction, and turn now to a consideration of the three assignments of error relative to the sentence under the habitual offender law.
*1377 ASSIGNMENT OF ERROR NO. 4
Defendant’s ease, as an habitual offender, fits the provisions of La.R.S. 15:529.1.-A.(2)(b), providing for a mandatory term of life imprisonment without benefit of parole, probation, or suspension of sentence. Quoting just A.(2)(b) of R.S. 15:529.1:
“A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
* ⅜ * * * *
“(2) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then,
* % * * * *
“(b) If the third felony and each of the two prior felonies involved a violation of R.S. 14:34, R.S. 14:62.1, R.S. 14:65, R.S. 14:110(B), or of any crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.”
The defendant’s current conviction is for simple robbery, a violation of La.R.S. 14:65. In 1969, the defendant was convicted of armed robbery, a violation of La.R.S. 14:64. Armed robbery carries a maximum sentence of ninety-nine (99) years.
On February 21, 1973, the defendant pleaded guilty to a charge of simple robbery. The defendant now contends that this guilty plea cannot be used to enhance his sentence because there was an inadequate showing that that conviction was the result of a free, intelligent, and voluntary plea of guilty.
The Louisiana Supreme Court, in State v. Yarbrough, 418 So.2d 503 (La.1982), held in part that prior guilty pleas could serve as a basis for charging the defendant as a multiple offender. In Yarbrough, the court explained that when the state intends to use a plea of guilty taken subsequent to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), as a prior conviction in order to enhance punishment, the defendant has the burden of proving that he did not waive his Boykin rights.
The burden of proof was therefore on the defendant in this case to show that he was denied his Boykin rights when he pled guilty to simple robbery on February 21, 1973. The record shows that when the defendant entered his plea, he signed a written waiver of rights form with the assistance of counsel. At the proceedings when the court accepted the guilty plea, the colloquy between the court and the defendant and his attorney, in the record indicates that the defendant had gone over his constitutional rights with his attorney, and the sentencing judge inquired as to whether the defendant understood his constitutional rights, enumerating the right to trial by jury, the right to cross-examine the witnesses, compulsory process to require witnesses to appear, the privilege against self incrimination, and the right to appeal the guilty verdict. After enumerating these rights, the trial judge asked the defendant if he understood them and if he understood that by entering pleas of guilty he was waiving them. To these explanations and inquiries, the defendant said he did.
It was the burden of the defendant to refute this record. The defendant has introduced no evidence to show he was denied his Boykin rights. As a result, this assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 5
The defendant contends that the sentence to life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence, was illegal because the sentence was not given in compliance with La.C.Cr.P. art. 894.1, the sentencing guidelines statute which requires, among *1378 other things, that the court consider mitigating circumstances.
The defendant was sentenced to a term of life imprisonment in accordance with La.R.S. 15:529.1.A.(2)(b). This is a mandatory sentence, leaving the judge without discretion to consider mitigating circumstances.
The constitutionality of La.R.S. 15:529.1 was examined by the Louisiana Supreme Court in State v. Lawson, 410 So.2d 1101 (La.1982), which states:
“R.S. 15:529.1 provides enhanced penalties for multiple offenders based on repetition of criminal conduct, and is a valid limitation on the sentencing considerations listed in C.Cr.P. 894.1. Multiple offender statutes have consistently withstood constitutional scrutiny. See Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962); McDonald v. Massachusetts, 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542 (1901) and State v. Lee, 364 So.2d 1024 (La.1978). This court upheld R.S. 15:529.1 against attacks that it deprived the trial judge of control over sentencing in State v. Badon, 338 So.2d 665 (La.1976) and State v. Ugarte, 176 La. 54, 145 So. 266 (1932).”
Lawson and the cases cited therein clearly indicate that the trial court has no discretion to consider mitigating circumstances when sentencing a multiple offender in accordance with La.R.S. 15:529.1. This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 6
The defendant contends that the trial court erred in its denial of his motion to correct an illegal sentence.
As previously discussed in Assignments of Error Nos. 4 and 5, the sentence was not only legal, but actually mandated by La. R.S. 15:529.1(A)2(b). This assignment of error is without error.
For all of the reasons assigned above, the conviction of the defendant for simple robbery is affirmed, and his sentence as an habitual offender is affirmed.
AFFIRMED.