ORDER
WRIT DENIED: There is no error in the trial court’s ruling.
KING, J.,
dissents and would vote to grant the writ. The Louisiana Constitutional privilege against self-incrimination has been held by the Louisiana Supreme Court to protect an accused from being compelled to testify against himself or otherwise provide the State with evidence of a testimonial or communicative nature. The Louisiana Supreme Court has delineated evidence that is not of testimonial or communicative nature. See State v. O’Conner, 320 So.2d 188 (La.1975), and the cases cited therein. This has included compelling a criminal defendant to give handwriting samples in a case which was decided before the new Louisiana Constitution of 1974. See State v. Thompson, 256 La. 934, 240 So.2d 712 (1970). However, it is well settled that the Louisiana Constitution of 1974 affords greater protection to a criminal defendant than does the U.S. Constitution. State v. Church, 538 So.2d 993 (La.1989). The 1974 Louisiana Constitution includes a provision that a criminal defendant does not have to give evidence against himself. In Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), the U.S. Supreme Court noted that the U.S. Constitutional privilege against being compelled to testify against oneself “protects] an accused only from being compelled to testify against himself; or otherwise provide the state with evidence of a testimonial or communicative nature ...” “The distinction which has emerged ...” the U.S. Supreme Court noted, “is that the privilege is a bar against compelling ‘communications’ or ‘testimony,’ but that compulsion which makes a suspect or accused the *530 source of ‘real or physical evidence’ does not violate it.” Id., 384 U.S. at 764, 86 S.Ct. at 1832. I note, as the Schmerber court did, that some tests of the accused or compelling the accused to do certain acts, which are seemingly directed to obtaining physical evidence, may actually be directed to eliciting responses which are essentially of a testimonial or communicative nature. I believe that handwriting samples are in this category of evidence. It is not demonstrative or physical evidence of a non-communicative nature. A writing of any kind exists for only one purpose, that is. to communicate. A writing is in and of itself a communication. Otherwise, why would the State want compelled handwriting samples of the relator for evidence in this case, if not for the sole purpose of having relator communicate that the handwriting sample was relator’s for use in comparison with documents alleged forged by relator. Certainly, if relator’s compelled handwriting samples are used for comparison and are introduced into evidence at trial, relator’s compelled handwriting samples will be evidence at trial of a communicative nature that relator was compelled to give against himself in violation of La. Const. of 1974, Art. 1, § 16. I note that relator’s compelled handwriting samples would have to be introduced into evidence, through expert testimony, to identify the alleged forgeries as made by relator. See La.C.E. Art. 901(B)(3).
For these reasons, I dissent from the failure to grant this writ and quash the State’s motion for a subpoena duces tecum to compel relator to give handwriting samples as violative of his rights under Art. 1, § 16 of La. Const. of 1974.