JiCIACCIO, Judge.
Defendant-relator was charged with issuing a worthless cheek in an amount under $100. On July 26, 1996, the court ordered the defendant to submit a writing sample, and his counsel advised him to refuse to do so on Fifth Amendment grounds. The court ordered the defendant held until he submits the sample. Relator filed this writ application and argues that submission of a writing sample would violate his right against self incrimination as set forth in the 1974 Louisiana Constitution.
The relator acknowledges that federal cases and earlier Louisiana cases have held that the taking of a handwriting sample does not violate the right against self-incrimination as set forth in the Fifth Amendment to the U.S. Constitution and in the 1921 Louisiana Constitution. See Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); State v. Thompson, 256 La. 934, 240 So.2d 712 (1970). He argues, however, that the right against self-incrimination as set forth in the 1974 Louisiana Constitution is greater than that set forth in the Fifth Amendment, and that Thompson is not controlling because it was decided under the 1921 Louisiana Constitution. However, the only “authority” cited by the relator for his argument is a dissent filed in a per curiam opinion by the Louisiana Third Circuit Court of Appeal. See State v. Fowler, 575 So.2d 529 (La.App. 3rd Cir.1991), where the majority found that the trial court did not err by ordering the defendant to submit a handwriting sample. The Supreme Court denied writs in this case. State v. Fowler, 577 So.2d 35 (1991).
Article I, § 16 of the 1974 Louisiana Constitution provides in part that no person “shall be compelled to give evidence against himself.” The relator Rargues that by submitting a handwriting sample, he is in some way “confessing” to the crime of issuing a worthless check. He further argues that the handwriting sample is providing an “element” of the offense. However, this handwriting sample is not the “writing” which forms the basis of the charge against him. It is merely a sample of his handwriting; he is not being asked to submit the actual worthless check that he is charged with issuing. Ordering relator to submit a handwriting sample is similar to ordering him to provide a voice exemplar, which Louisiana cases decided after the ratification of the 1974 Constitution have found not to be covered by the right against self-incrimination. See State v. Tillett, 351 So.2d 1153 (La.1977); State v. Battle, 93-900 (La.App. 5th Cir. 3/29/94), 635 So.2d 337. Indeed, as noted by the Court in Gilbert v. California: “One’s voice and handwriting are, of course, means of communication. It by no means follows, however, that every compulsion of an accused to use his voice or write compels a communication with the cover of the privilege. A mere handwriting exemplar, in contrast to the content of what is written, like the voice or body itself, is an identifying physical characteristic outside its protection.” Gilbert v. California, 388 U.S. at 266-267, 87 S.Ct. at 1953. Although the Court was speaking of the Fifth Amendment right against self-incrimination, we find this reasoning applies to the right against self-incrimination embodied in our present state constitution. In either case, a handwriting sample is not a communication by itself but rather is a physical characteristic in itself. The content of the sample is unimportant; it is the physical characteristics of the writing itself which is the focus of the sample. As such, compelling the defendant to give the handwriting sample does not violate his rights against self-incrimination *193 under either the Fifth Amendment or under the 1974 Louisiana Constitution.
Accordingly, relator’s writ application is denied.