State vs. Hall.

No. 340.

THE STATE OF LOUISIANA VS. CHARLES HALL.

The jury commissioner was appointed and had been duly qualified; the failure of the
    clerk to make an entry of the fact upon the minutes of the court at the time of
    the appointment is not cause sufficient to annul his act as commissioner; the
    evidence of the appointment was entered upon the minutes before the final
    adjournment of the first term of the court after the appointment.

The *proces verbal* of the drawing of the jury was deposited in the clerk's office,
    but it was not actually filed. The defence was not prejudiced in any respect.
    The *proces verbal* was of record in the clerk's office at all times after it was de-
    posited.

Counsel for defendant did not object to inadmissible argument of counsel for the
    State, and request the court to correct alleged mistakes at the moment or in the
    charge to the jury.

It was too late on motion for new trial.

APPEAL from the Second District Court, Parish of Bienville.
        *Watkins, J.*

*A. J. Murff* and *J. R. Land*, District Attorneys, *Drew & Stewart*
and *Egan & Son* for the State, Appellee.

*B. P. Edwards* and *Dorman & Reynolds* for Defendant and Ap-
pellant.

The opinion of the court was delivered by

BREAUX, J.   The defendant was tried and convicted of the crime
of manslaughter and was sentenced to the penitentiary for five years.

He has appealed.   The record discloses a motion to quash the in-
dictment on the following grounds: That the grand jury was illegally
constituted, as it was drawn from a venire selected by two of the
jury commissioners only; that T. A. Walker, who participated in the
drawing and proceedings of the commission was a mere out-
sider and disqualified to act; that the *proces verbal* of the drawing
of the venire was never filed in the clerk's office.

In addition to the foregoing defences the defendant applied for a
new trial on two grounds:

First, because counsel for the State, in closing the argument,
stated to the jury that as the defendant answered, in response to a
leading question on cross-examination, that if the deceased had not

State vs. Hall.

thrown a jug at him, when the fatal shot was fired, he would not have shot him.

That counsel said that this presented the only question for consideration, and that defendant thereby limited the grounds of defence to one, though there were several.

The second ground of the motion for a new trial is that the verdict is contrary to law and evidence.

There are several bills of exception to the transcript setting forth grounds of objection.

The defendant not being represented by counsel in this court, no argument is presented in their support.

We have read the grounds and find that they were properly overruled by the court.

In reference to the participation of a commissioner disqualified to act, a point presented in the motion to quash, it appears of record that the commissioner was appointed when the court was not in session.

His appointment and oath of office were filed with the clerk of the court and were spread on the minutes at the first term held after the appointment had been made.

The appointment and oath were of record in the clerk's office, subject to the examination of the defendant, or his counsel. The failure of the clerk to make a note of the appointment in the minute book of the court at the time it was made, can not strike with nullity the acts of the person appointed and acting.

The failure of the clerk to file the *proces verbal* of the drawing of the jury is alleged as the second ground of the motion to quash.

The *proces verbal* was deposited in the clerk's office for the March term of court of 1892, and summons issued for the jurors as drawn.

This failure to file the *proces verbal* was an irregularity in the clerk's office which should be avoided; although a negligence, it is not *per se* of such a character as to make it necessary to annul and set aside the general venire for a term, or quash an indictment found by the grand jury.

The motion for a new trial on the ground that counsel for the State made misleading remarks to the jury in the closing argument has no merit.

The argument of counsel in closing before the jury, if objectionable, was not objected to at the time, and no request was made of

the court to charge so as to direct the jury's attention to any objectionable portion of the argument.

The motion for a new trial was properly overruled.

The defendant has not presented any ground in his defence upon which to annul and reverse the verdict and sentence of the court.

Judgment affirmed.