292 So.2d 516 (1974)
STATE of Louisiana
v.
Otis HOLLINGSWORTH, Jr.
No. 54167.
Supreme Court of Louisiana.
March 25, 1974.
*518 Bobby L. Culpepper, Holloway, Baker; Culpepper & Brunson, Jonesboro, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leon H. Whitten, Dist. Atty., for appellee.
BARHAM, Justice.
Defendant was convicted, after a trial by jury, of armed robbery, a violation of R.S. 14:64, and was sentenced to ten years' imprisonment. He relies on twenty-four bills of exceptions for a reversal of his conviction and sentence.
The facts of the case, briefly, are as follows: On the evening of November 11, 1972, one person, armed with a hand-gun, robbed the ticket booth of the Palace Theatre in Jonesboro, Jackson Parish, Louisiana. Shortly after the Jonesboro police responded to the call of the theatre management, a sketchy description of the robber was broadcast on the police radio. The robber was described as a black male wearing sunshades and a black and white knit cap. Other Jonesboro officers who listened to the broadcast recalled having seen a subject fitting the description earlier in the evening, when they had stopped a yellow Volkswagon, containing a passenger who was so attired, for running a red light. The additional information was broadcast and yet another police officer, who had monitored the broadcast while off duty and responded to assist in the search, spotted the vehicle being sought, followed it and stopped it. After requiring the two occupants to exit the vehicle, the officer stepped behind the vehicle to view the driver's operator's license. At this point, the defendant fled on foot into a wooded area. Attempts to apprehend the defendant were unsuccessful; he later turned himself in at police headquarters and was subsequently charged with the crime of which he stands convicted.
BILL OF EXCEPTIONS NO. 24
Defendant reserved this bill of exceptions when the trial court overruled his motion to suppress evidence which was siezed as a result of what he contends was an unlawful search, conducted without a warrant and not made incident to a lawful arrest.
The general rule, that searches made without a warrant violate the Fourth Amendment to the United States Constitution, is not without exceptions. One of the widely recognized exceptions to the general prohibition of warrantless searches deals with the search of automobiles and other mobile vehicles. Where probable cause exists for the search of a moving vehicle and circumstances render securing a warrant impracticable, a warrantless search of an automobile does not violate the Fourth Amendment. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). At the time that officer Jiles effected the search of the automobile involved in this case, it was known that a black subject wearing dark clothes, sunshades and a black and white knit cap had allegedly robbed the Palace Theatre, and *519 that a man answering this description, personally known to Officer Jiles to have been travelling in the subject car minutes before the robbery, had been a passenger in the automobile when it was stopped by Officer Futrell but had fled the scene prior to the arrival of Officer Jiles. We find, therefore, that Officer Jiles had probable cause to search the vehicle which he reasonably believed contained evidence or fruits of the armed robbery. The warrantless search which yielded the gun and the cap introduced into evidence was not unconstitutional.
This bill of exceptions is wholly without merit.
BILL OF EXCEPTIONS NO. 1
This bill of exceptions was reserved by defense counsel when his motion to quash the petit jury venire was denied. Counsel's objection was to the use of the petit jury venire drawn for service on May 7, 1973 for defendant's trial commencing on June 4, 1973.
Defendant contends in brief, as he did at trial, that Article 416 of the Code of Criminal Procedure prohibits the use of the petit jury venire drawn for use on the earlier date. That article, in part, reads:
"A. Upon order of court the jury commission in parishes other than Orleans shall draw a petit jury venire. The commission shall draw indiscriminately and by lot thirty name slips from the general venire box, unless directed by the court order to draw a larger number. The persons whose names are so drawn shall be subject to serve as petit jurors for the first week of the next criminal session of court.
The court also may order the commission to draw indiscriminately and by lot as many additional name slips, not less than thirty, as it may direct for each additional week that a petit jury venire may be required, not to exceed two additional weeks. The persons whose names are so drawn shall be subject to serve as petit jurors for the week for which their names were drawn. * * *
"If a petit jury venire does not serve during the week for which it was drawn, the court may order that it serve during any other week of that session of court."
As may be clearly seen from a reading of the last paragraph of Article 416, a petit jury venire which does not serve during the week for which it was drawn may be ordered to serve during any other week of that session of court. This procedure, made available to the trial court, was utilized in this case. Moreover, as noted by the State's brief, Article 419 of the Code of Criminal Procedure provides, in pertinent part:
"* * * [A] petit jury venire shall not be set aside for any reason unless fraud has been practiced or some great wrong committed that would work irreparable injury to the defendant."
Since no prejudice to the defendant was alleged or shown, we find that this bill of exceptions is without merit.
BILLS OF EXCEPTIONS NOS. 2 THROUGH 10
Defendant reserved these bills of exceptions when the trial court overruled his objections of insufficiency to answers supplied by the State in response to his application for a bill of particulars.
In answer to defendant's request for the time the armed robbery was alleged to have occurred, the State replied: "* * * it is alleged that the robbery took place between the hours of 6:00 o'clock P.M. and 9:00 o'clock P.M." The defendant contended that this information was not specific enough to enable him to prepare his defense and that the State should have been required to give a more precise time. Bill of Exceptions No. 2 was reserved when the court deemed the answer sufficient.
*520 Defendant cites no case to this Court which would require that a more specific answer be given. In State v. Lee, 173 La. 966, 139 So. 302 (1932) this Court held that defendants on trial for robbery, who were informed of the date on which the offense was alleged to have been committed, were not entitled to be informed as to the time of day the robbery occurred. Defendant contends in brief that the State's failure to give a more specific time and the trial court's refusal to require the State to do so prevented him from accounting for his whereabouts at the time of the robbery. However, during the course of trial, no alibi or other defense was presented.
This bill of exceptions is without merit.
In response to defendant's request in his application that the State inform him what property was alleged to have been taken in the robbery, the State answered: "* * * money or United States currency was taken in the robbery." Defendant argues that this answer was not specific enough and requested that the trial court require the State to give more specific information to enable him to adequately prepare a defense. When the trial court refused to require a more specific answer, defendant reserved Bill of Exceptions No. 6. The bill is without merit.
Defendant also reserved bills of exceptions when the trial court refused to compel the State to furnish information regarding the time and place of defendant's arrest, the name of the person who arrested defendant, the manner in which the crime was committed, the physical evidence the State intended to introduce, any property seized from the defendant and any search or arrest warrant.
As the trial court aptly noted when the defense counsel objected to the State's refusal to answer his inquiry about the time and place of defendant's arrest, "* * * he [the defendant] was there and he knew when and where it happened as well as anyone else does * * *." The bill of information informed defendant that he was charged with having robbed Vickie Thomas while armed with a dangerous weapon and the State's response to the application for particulars informed defendant that the dangerous weapon he was charged with having used was a .22 revolver. More information regarding the manner in which the crime was committed was not required of the State; the prosecution is not under present law required to disclose all of its evidence, which it intends to use to prove the crime charged, in response to an application for particulars. State v. Frezal, 278 So.2d 64 (La.1973) and cases cited therein. For the same reason, the trial court did not err when it refused to require the State to disclose the name of the arresting officer, to disclose what physical evidence the State intended to introduce, to disclose what property was seized from the defendant or to disclose if any property of defendant was searched.
The defense objected when the Court ruled sufficient the following response to the following request in defendant's application:
Request: "-8-Attach hereto a copy of the warrant of arrest and affidavit in support thereof."
Response: "In answer to Question 8 it is stated that there was no warrant of arrest or affidavit in support thereof."
In connection with questions in the application regarding whether defendant's property had been searched or whether any items of property had been seized from defendant, defense counsel requested copies of any search warrants obtained with relation thereto and the affidavits supporting such warrants. The State replied only that no search warrant was obtained.
We find no error in the trial court's refusal to require the State to furnish that information sought by the defendant, which the State declined to supply.
All of these bills of exceptions are without merit.
*521 BILL OF EXCEPTIONS NO. 11
This bill of exceptions was reserved when the trial court denied defendant's motion to quash the petit and grand jury venires. The only argument made in support of the motion prior to its denial and the reservation of this bill concerned the exclusion of women from jury service. Though other grounds were stated in the written motion, they were not the subject of oral argument on the motion and not the subject of reservation of the bill. Moreover, no evidence is attached to the bill in support of the other grounds.
Regarding the issue of women's exclusion from jury service, there has been no pronouncement from the United States Supreme Court on the constitutionality of the practice since Hoyt v. Florida, 368 U. S. 57, 82 S.Ct. 159, 7 L.Ed.2d 118 (1962). However, in Healy v. Edwards, 363 F. Supp. 1110 (E.D.La.1973), a three-judge federal court declared unconstitutional La. Const. Art. 7, Sec. 41 and C.Cr.P. Art. 402. Nevertheless, our Court has repeatedly upheld the practice. See State v. Gray, 291 So.2d 390 (La. 1974), and cases cited therein. At this time, then a majority of this Court still rejects the argument of unconstitutionality.[*] This bill must therefore be held to be without merit.
BILL OF EXCEPTIONS NO. 12
This bill of exceptions was reserved to the trial court's refusal to grant a mistrial when the trial judge inadvertently opened the general venire box instead of the petit venire box at the commencement of proceedings to select the petit jury. As noted in the State's brief, the error was discovered immediately by the trial judge, the general venire box was ordered resealed, and the proper procedure thereafter followed without delay. The transcription attached to the bill notes that the names in the general venire box were in no way disturbed or disclosed. Defendant does not show that any prejudice resulted from this mistake; he only alleges that he was entitled to a mistrial because C.Cr.P. Art. 775 authorized the granting of a mistrial when "* * * (3) There is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law; * * *" or when "* * * (5) It is physically impossible to proceed with the trial in conformity with law; * * *." As noted by the State's brief, defendant has not shown, nor does it appear, that there resulted a legal defect which would render the judgment reversible as a matter of law nor any condition which would have physically prevented trial proceedings in conformity with law.
This bill of exceptions is without merit.
BILL OF EXCEPTIONS NO. 13
Defendant reserved this bill of exceptions when the trial court denied his motion for a mistrial, based upon the judge's reference to the charge against him as an "indictment" rather than a "bill of information".
The defendant in brief contends that the court "* * * erred in not granting the mistrial under Article 771 of the Louisiana Code of Criminal Procedure, Section One (1) which provides as follows, to wit:
`When a remark or comment is made by the Judge, the District Attorney or a Court Official, and the remark is not within the scope of Article 770;' * * *."
Defendant's reliance on Article 771 is clearly misplaced.
Article 771 deals with admonition of the jury upon defendant's request. It provides for mistrial only when the court is satisfied *522 that an admonition is not sufficient to assure the defendant a fair trial. Defendant did not ask the court to admonish the jury; he simply asked for a mistrial. Moreover, it is noted that the objection to the judge's remark was not contemporaneous. C.Cr.P. Art. 841.
As noted by the State in brief, "indictment" and "information" are usually synonymous under the Code of Criminal Procedure. See C.Cr.P. Art. 461.
Since defendant was in no way prejudiced by the court's statement this bill of exceptions is without merit.
BILLS OF EXCEPTIONS NOS. 14-19
These bills of exceptions were reserved when the State introduced, for purposes of identification and laying a foundation for introduction into evidence, various physical items of evidence; a .22 gun, a black and white cap or hat, a glove, a pair of sunshades and an "evidence" envelope. The arguments made at the time of the various objections, all of which were overruled by the trial court, were numerous and varied. Defendant objected to the search and seizure without a warrant and the legality of the seizure, contended that the items were not shown to have any connection with the case or with the defendant, and claimed certain items of evidence had not specifically been mentioned in the opening statement.
A motion to suppress these various items was decided adversely to defendant prior to trial. (See discussion of Bill of Exceptions No. 24, supra). At the time these various objections were made, the gun, cap and sunshades had been held admissible. The record reveals that the relevancy of all of the items introduced into evidence was established to the court's satisfaction prior to their admission into evidence. Regarding defendant's objection that some of the items introduced were not mentioned in the opening statement, it is found that only the brown evidence envelope was not specifically mentioned in the opening statement. Its only significance was in the State's procedure of establishing the chain of custody. There is absolutely no merit in these bills of exceptions.
BILL OF EXCEPTIONS NO. 20
This bill of exceptions was reserved when the trial court overruled a defense objection to the State's attempt to elicit from a witness testimony concerning the location of the Palace Theatre, where the robbery took place. Defendant contends that since the State did not allege or state in opening statement that the offense took place in Jackson Parish, it was precluded from eliciting such testimony at trial.
While it is true that, for a conviction to stand, venue must be proven during the course of trial, we are aware of no requirement that venue be formally alleged in the State's opening statement. During the course of the opening statement the State made numerous references to the town of Jonesboro and the Jonesboro police and noted that the Palace Theatre was only a few blocks from the courthouse in which the trial was taking place.
Code of Criminal Procedure Article 769 prohibits admission of evidence "* * * not fairly within the scope of the opening statement * * *." That same article provides that if the State offers evidence that was inadvertently and in good faith omitted from the opening statement, the trial court in its discretion may admit the evidence if no surprise or prejudice to the defendant is found. No prejudice to the defendant in the admission of this evidence has been shown.
BILL OF EXCEPTIONS NO. 21
This bill of exceptions was reserved to an adverse ruling on defendant's objection to testimony by a witness who had not been subject to the court's order of exclusion. The witness was heard out of the presence of the jury and her testimony was not used. Therefore, this modification of the order of exclusion in no way prejudiced *523 the defendant. The trial court did not abuse its discretion in modifying its order. See C.Cr.P. Art. 764.
BILL OF EXCEPTIONS NO. 22
Defendant filed a motion for a new trial, reurging prior objections made the subject of other bills of exceptions, complaining that the verdict was contrary to the law and the evidence, and urging that the Court erred in giving immunity to Fred Scott, arrested for and charged with the same crime. It is well established that a bill of exceptions reserved to denial of a motion for a new trial alleging that the verdict is contrary to the law and the evidence presents nothing for this Court to review. See State v. Barnard, 287 So.2d 770 (La.1974) and numerous cases cited therein. The merit of defendant's other bills of exceptions has been discussed above. Defendant's complaint regarding the court's error in granting immunity to Scott was neither briefed nor argued; therefore, this argument is deemed abandoned.
This bill of exceptions is without merit.
BILL OF EXCEPTIONS NO. 23
This bill was reserved to the trial court's denial of a motion in arrest of judgment. The motion alleged that the trial court erred in failing to quash the petit jury venire, in failing to grant his motion to suppress, and in granting immunity to Fred Scott. C.Cr.P. Art. 859 provides eight exclusive grounds upon which the court is authorized to arrest judgment. None of defendant's complaints are within the purview of this article. The basis for the motion in arrest was not proper and the trial court's denial of same is without error.
This bill of exceptions is wholly without merit.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
NOTES
[*] The writer of this opinion does not join with the majority in this rejection. See dissents in State v. Enloe, 276 So.2d 283 (La.1973) and and State v. Daniels, 262 La. 475, 263 So.2d 859 (1972).