301 So.2d 312 (1974)
STATE of Louisiana, Appellee,
v.
Donald M. HERRON, Appellant.
No. 54798.
Supreme Court of Louisiana.
October 11, 1974.
J. Daniel Rivette, Orleans Indigent Defender Program, Mamou, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.
TATE, Justice.
The defendant was convicted of simple burglary, La.R.S. 14:62, and sentenced to five years at hard labor. Two principal contentions of error are raised by his fourteen bills of exceptions: (1) the failure to allow pre-trial discovery; and (2) the introduction of physical objects into evidence which, allegedly, were the product of an illegal search and seizure.
(1) Pre-trial discovery
By motions for a bill of particulars, oyer, and discovery the defendant sought pre-trial discovery of oral statements, photographs, physical evidence to be used, and names and addresses of witnesses intended to be used or with information concerning the offense charged. The court ordered the State to furnish the defendant any exculpatory information in its possession but otherwise denied the requests for pre-trial discovery.
The ruling is not erroneous under the holdings (sometimes-criticized, cf. State v. Thomas, 290 So.2d 317La.1974) of our prior judicial interpretations. State v. Odom, 292 So.2d 189 (La.1974).
(2) Search and seizure
The defendant perfected a bill to the denial of a motion to suppress a pair of pliers and some stolen jewelry, both removed from the defendant's automobile at the time of his arrest while occupying it. The defendant also objected to their admission into evidence. A bill was also perfected to the State's introduction, over objection, of these items into evidence.
The factual circumstances of the search and seizure are:
The police officers had received a radio report of two men behaving suspiciously *313 near a parked white car at about 9:00 P.M. As they came near the scene of the (then-unknown) burglary, they saw two men getting into a white car parked in an alley behind the burglarized residence, and then they saw a third man look up at the approaching police car and then flee. The automobile with the two men drove down the alley.
The officers asked the car to stop. An officer asked the driver of the car, the defendant Herron, for his driver's license. When he had none, the officer arrested him. He looked through the window of the automobile, where he saw a plastic bag containing a bag of jewelry.
At this time, the lady who lived in the burglarized house came running out, shouting to the officer that her house had been burglarized. The officer then retrieved the bag from the car, and the victim identified every piece of jewelry as stolen from her.
Under these facts, the initial stop and interrogation of the vehicle's driver was permissible as being reasonable as to cause, method, and duration. La.C.Cr.P. art. 215.1 (1968); State v. Jefferson, 284 So.2d 882 (La.1973). The driver was thereafter lawfully arrested for driving without a license in the officer's presence. La.C.Cr.P. art. 213(1).
We find to be without merit the contention of illegal search and seizure. The jewelry was in plain view to one lawfully in a position to have that view, i. e., the arresting officer; after the victim's complaint at least, there was probable cause to believe that the jewelry so seen was constitutionally seizable. See Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). After the seizure of the jewels from the car and the discovery that they were stolen, there was probable cause to make the warrantless search of the automobile at the scene, in view of the mobility of the vehicle; as a result, the pliers were found on the floor of the vehicle. See Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

Decree
Accordingly, we affirm the conviction and sentence.
Affirmed.