315 So.2d 727 (1975)
STATE of Louisiana
v.
Danny MONK and Jimmy Jiles.
No. 55886.
Supreme Court of Louisiana.
June 23, 1975.
Rehearing Denied July 25, 1975.
*731 Bobby L. Culpepper, Holloway, Baker, Culpepper & Brunson, Jonesboro, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leon H. Whitten, Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Danny Monk and Jimmy Jiles were jointly charged by bill of information with the armed robbery of Barbara Hatten on April 8, 1974 in the Parish of Jackson in violation of La. R.S. 14:64. Defendants were tried by jury and found guilty as charged. Subsequently, they were each sentenced to serve 30 years at hard labor. Their appeal to this court is based upon fifty bills of exceptions.
BILL OF EXCEPTIONS NO. 1
This bill, concerning the fixing of bond, has been abandoned.
BILL OF EXCEPTIONS NO. 2
Defendants submit that the state had not shown probable cause for the institution of these proceedings at the hearing held following defendants' application for preliminary examination. The question of probable cause is now moot since defendants have been tried and convicted by a jury. State v. Richardson, 258 La. 62, 245 So.2d 357 (1971).
BILLS OF EXCEPTIONS NOS.3 AND 4
Complaint is made by defendants that the trial court erred in denying a hearing to suppress oral confessions. They contend that oral confessions are within the purview of article 703 of the Louisiana Code of Criminal Procedure in view of the recent case of State v. Davis and Mayfield, *732 309 So.2d 335 (La.1974).[1] Pursuant to a stipulation by the state, these confessions were not introduced at trial. Hence, the complaint presented in this bill is now moot. State v. Jacobs, 281 So.2d 713 (La.1973); State v. Nelson, 261 La. 153, 259 So.2d 46 (1972). The contention raised in Bill of Exceptions No. 4 was neither briefed nor argued. Therefore, it is considered abandoned.
BILLS OF EXCEPTIONS NOS. 5 AND 7
Defendants' application for a bill of particulars contained 17 requests. The state furnished answers to 9 of them. Defendants complain of the failure of the trial judge to require the state to answer the remaining ones (Bill of Exceptions No. 5). Defendants likewise objected to the trial judge's refusal to order the state to produce for pretrial inspection the physical evidence in its possession in response to defendants' prayer for oyer (Bill of Exceptions No. 7).
The function of a bill of particulars is to inform the defendant more specifically of the nature and cause of the charge against him. La.Code Crim.P. art. 484 (1966); State v. Devore, 309 So.2d 325 (La.1975). However, a defendant is not entitled to the details of the evidence with which the state expects to prove its case. State v. Vince, 305 So.2d 916 (La.1974); State v. Womack, 283 So.2d 708 (La.1973).
The bill of information charged defendants with the armed robbery of Barbara Hatten on April 8, 1974. Defendants' first complaint is directed to the failure of the state to furnish the time of the crime. When an accused is charged with a crime, of which time is not of the essence, this information need not be furnished by way of a bill of particulars.[2] Defendants are not entitled to be informed as to the time of day the alleged robbery occurred.[3] Time is not an essential element of armed robbery.[4] Hence, there is no merit in this contention.
Other complaints of defendants were the failure of the trial court to compel the state to furnish information regarding the time and place of defendants' arrest, the name of the person who arrested defendants, the physical evidence the state intended to introduce, any property seized from defendants, and whether any property of defendants was searched. These identical requests were made in State v. Hollingsworth, 292 So.2d 516 (La.1974), and this court held that the state was not required to furnish this information. See, also, State v. Herron, 301 So.2d 312 (La.1974). Further, defendants' complaint in regard to the failure of the state to furnish copies of any statements made by defendants is moot since their confessions were not introduced at trial.
We find no error in the trial court's refusal to require the state to furnish the information sought by defendants. Hence, these bills of exceptions are without merit.
*733 BILL OF EXCEPTIONS NO. 6
This bill was taken to the denial of a motion to quash the petit jury venire. It was first contended that all notices were insufficient since the trial had originally been set for June 3, 1974; however, the court had ordered the jury commission to draw a jury for service beginning June 4, 1974 (June 3, 1974 being a holiday). We perceive no prejudice in this action. Further, there is no allegation that defendants were prevented from preparing for trial by the change in date. Besides, the case was not tried until July 10, 1974.
The second contention relates to the fact that one of the jury commissioners (Nathaniel Zeno, Jr.), who had been appointed by the court, did not take his oath of office until the morning of April 10, 1974 when the petit jury venire for the instant case was chosen. Article 405 of the Code of Criminal Procedure provides that each member of the jury commission shall be notified in writing of the time and place designated for the meeting of the commission at least twenty-four hours prior to the meeting. The argument is that Mr. Zeno was not properly qualified at the time he was notified of the meeting. No prejudice could have possibly resulted from this highly technical irregularity. Moreover, article 404 of the Code of Criminal Procedure provides that, before entering upon their duties, members of the jury commission shall take an oath to discharge their duties faithfully. The article also states that three members of the jury commission shall constitute a quorum. In the instant case, the clerk of court testified that Mr. Zeno took his oath before assuming his duties. Also, four members of the jury commission were present other than Mr. Zeno.
The third portion of the motion to quash attacks the absence of women from the petit jury venire. It is argued that the procedure then existing in Louisiana was unconstitutional as so held in Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). This case was tried in 1974. The Taylor decision was rendered January 21, 1975, after defendants' convictions. The United States Supreme Court determined in Daniel v. Louisiana, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975) that the Taylor ruling is not to be applied retroactively, as a matter of federal law, to convictions obtained by juries impaneled prior to the date of the Taylor decision. This court has held that, consonant with Daniel, the Taylor ruling would not be applied retroactively. State v. Rester, 309 So.2d 321 (La.1975); State v. Devore, 309 So.2d 325 (La.1975); State v. Nicholas, 312 So.2d 856 (La.1975). In sum, the contentions raised under this bill of exceptions are without merit.
BILLS OF EXCEPTIONS NOS. 8 AND 14
These bills relate to the denial of a motion to quash the bill of information. Bill of Exceptions No. 8 alleges that it was improper for defendants to be charged with armed robbery by bill of information filed by the district attorney, rather than by indictment by the grand jury. At the time of this 1974 prosecution, only "capital cases" had to be instituted by indictment by a grand jury. La.Code Crim.P. art. 382 (1966); La.Const. art. 1, § 9 (1921).[5] Armed robbery is not a "capital" offense. An identical contention was rejected by this court in State v. Bradford, 298 So.2d 781 (La.1974).
*734 In Bill of Exceptions No. 14, defendants attack the constitutionality of the short form indictment used herein and authorized in article 465 of the Code of Criminal Procedure.[6] The constitutionality of the short form indictment has been repeatedly upheld. State v. Duplantis, 296 So.2d 818 (La.1974); State v. Edwards, 287 So.2d 518 (La.1973). We have specifically held that the use of the short form indictment for charging armed robbery meets the constitutional test that the accused be informed of the nature and cause of the accusation against him. State v. Franklin, 255 La. 830, 233 So.2d 532 (1970); State v. Howard, 243 La. 971, 149 So.2d 409 (1963). Thus, these bills are without substance.
BILL OF EXCEPTIONS NO. 9
When the trial court denied defendants' motion for a change of venue, this bill was reserved. Defendants contend that the pretrial publicity precluded them from obtaining a fair and impartial trial in the Parish of Jackson.
There was a hearing on this motion at which defendants called a number of witnesses. It was apparent from their testimony that the news of the bank robbery had been reported in the news media: radio, television and newspaper. An employee from the radio station testified that news items about this crime had been aired for one day. Several law enforcement officials testified that they had not released any information concerning this matter to the news media. Of the several prospective jurors questioned, each had read or heard something in the local news media concerning the crime and the defendants, but all who had such knowledge testified that they could make a decision based only on the evidence presented at trial. The testimony at the hearing reveals no statements by public officials other than the normal police reports and police radio conversations monitored by the news media. One deputy testified that, although the crime was generally discussed in the community, this talk died down after one day"everybody forgot about it."
The grounds for change of venue are set out in article 622 of the Louisiana Code of Criminal Procedure as follows:
A change of venue shall be granted when the applicant proves that by reason of prejudice existing in the public mind or because of undue influence, or that for any other reason, a fair and impartial trial cannot be obtained in the parish where the prosecution is pending.
In deciding whether to grant a change of venue the court shall consider whether the prejudice, the influence, or the other reasons are such that they will affect the answers of jurors on the voir dire examination or the testimony of winesses at the trial.
Some relevant factors in determining whether to change venue are enumerated in the recent opinion of State v. Bell, 315 So.2d 307 (La.1975). These are:
(1) the nature of pretrial publicity and the particular degree to which it has circulated in the community, (2) the connection of government officials with the release of the publicity, (3) the length of time between the dissemination of the publicity and the trial, (4) the severity and notoriety of the offense, (5) the area from which the jury is to be drawn, (6) other publicity and the trial, events occurring in the community which either affect or reflect the attitude of the community or individual *735 jurors toward the defendant, and (7) any factors likely to affect the candor and veracity of the prospective jurors on voir dire.
The burden is upon the defendant to establish that he cannot obtain a fair trial in the parish where the prosecution is pending. La.Code Crim.P. art. 622 (1966); State v. Flood,: 301 So.2d 637 (La.1974); State v. Leichman, 286 So.2d 649 (La.1973); State v. Richmond, 284 So.2d 317 (La.1973).
The robbery was committed in Chatham, Louisiana on April 8, 1974. The trial took place in Jonesboro, Louisiana on July 10, 1974. No disturbances or other events in the community appear to have resulted from the crime. As correctly stated by the trial judge in his reasons for denying a venue change, there was nothing brought to the attention of the court that there existed an inflamed opinion against these defendants or that warranted a conclusion that they could not get a fair and impartial trial.
Considering the Bell standards in the light of the testimony adduced at the hearing on the motion for change of venue, we find, as did the trial judge, that defendants did not meet the burden of proof imposed upon them by law. Accordingly, the bill lacks merit.

BILL OF EXCEPTIONS NO. 10
Defendants moved to have Judge Dougherty, the presiding judge, recused, claiming that he was prejudiced and personally interested in this particular case to such an extent that he was unable to conduct a fair and impartial trial.[7] The basis for this claim are the allegations that Judge Dougherty owned stock in various banks, and he had indicated that he looks upon an armed robbery as being in a different category than other crimes and offenses.
At the hearing, Judge Dougherty testified that he owned stock in the Homer National Bank in Homer, Louisiana. The bank involved in this armed robbery is the Peoples Bank in Chatham, Louisiana. He was asked if he looked upon the crime of armed robbery as being in a category or classification by itself, to which he replied that he considered armed robbery a serious offense, but there were some offenses much more serious. Defendants made no showing to warrant the recusation of Judge Dougherty. This bill is without substance.

BILL OF EXCEPTIONS NO. 11
A motion to recuse the district attorney of the Second Judicial District was filed. In it, defendants aver, as one of the grounds therefor, that Leon H. Whitten, district attorney, or his law firm, has been and is the attorney for the Peoples Bank in Chatham, Louisiana, the bank at which this armed robbery took place, and that he also represented the Hodge Bank. Additionally, it is contended that, since the district attorney took certain statements from the defendants, he should have been required to testify as a witness with reference to the taking of these statements. The failure of the district attorney to testify, defendants contend, resulted in a denial of their right to confrontation and cross-examination of witnesses against them.
At the hearing of this motion to recuse, it was established that, whereas the district attorney had represented the Peoples Bank in Chatham in the past, this relationship had terminated, and he did not represent this bank at the time of trial. Whitten testified that he was then a vice-president and served on the Board of Directors of the Hodge Bank and represented them; he also represented Jonesboro Federal Savings and Loan Association. *736 Article 680 of the Code of Criminal Procedure sets out the following grounds tor recusation of a district attorney:
A district attorney shall be recused when he:
(1) Has a personal interest in the cause which is in conflict with fair and impartial administration of justice;
(2) Is related to the party accused or to the party injured, or to the spouse of the accused or party injured, to such an extent that it may appreciably influence him in the performance of the duties of his office; or
(3) Has been employed or consulted in the case as attorney for the defendant before his election or appointment as district attorney.
In view of the fact that the objection of the defendants to the prosecution of this case by the district attorney was his relationship with the Peoples Bank in Chatham, and the testimony revealed that he no longer represented this bank, there is no basis for recusal on this ground. It was stipulated by the state that it would not use the confessions, hence, the other complaint in the motion to recuse is likewise without merit.

BILL OF EXCEPTIONS NO. 12
This bill relates to the denial of four motions for a continuance filed by defendants. However, only three are argued in defendants' brief filed in this court.
The first motion is based on the allegation that the state had no legal right to try defendants during the court's vacation.[8] In this connection they argue that the rules of court do not provide any procedure for setting cases for trial as required by article 702 of the Louisiana Code of Criminal Procedure.[9] While the local rules of court provide that criminal terms are fixed in April and October, they also provide that criminal terms may be fixed by the court at any time the public interest may require. Furthermore, defendants do not complain that they were not given notice of trial sufficiently in advance so that they could summon their witnesses as required by article 702. Hence, we find no merit in this contention.
Next, it is asserted that trial should have been continued, as defense counsel had several other cases set for trial during the same week. However, according to the record, these cases were set for trial only after defense counsel's motion for a speedy trial, which was filed on Monday of the week of trial. Since the other cases were set at defense counsel's request, he should not now be permitted to complain that their setting interferred with the preparation of the instant case. Accordingly, we find no substance to this complaint.
Defendants argue in the third motion for continuance that Judge Dougherty should have been alternated with Judge Caldwell on July 1, 1974. Hence, Judge Dougherty had no legal authority to proceed with the trial of this matter. No authority is cited in support of this argument, and we perceive no merit whatsoever in this contention. Any judge of a court serving according to law is qualified to hear a case.
Defendants further contend in brief that they were not present in court when this matter was set for trial and, *737 since this was an important step in the proceedings, their constitutional rights were violated. The short answer to this contention is that it is not necessary that the accused be personally present when his case is fixed for trial.[10] Furthermore, there is no complaint that defendants were not given sufficient notice of trial in accordance with article 702.
The motions for continuance were properly denied by the trial court.

BILL OF EXCEPTIONS NO. 13
On the denial of defendants' motion for severance, this bill was reserved. Defendants contend that severance was required under article 704 of the Louisiana Code of Criminal Procedure since the state was in possession of oral confessions from each defendant which implicated the other. Article 704 requires a severance only when the court is satisfied that "justice requires a severance." Since the state stipulated that neither confession was to be introduced at trial, the trial court saw no injustice in permitting the defendants to be tried jointly.[11] We agree. Hence, there is no merit to this bill.

BILLS OF EXCEPTIONS NOS. 15, 19, 23 AND 25
Bills of Exceptions Nos. 15 and 19 are based upon the denial of two motions to quash the petit jury venire. Bills of Exceptions Nos. 23 and 25 were reserved when the court denied a motion to quash the tales jury venire and a motion for mistrial. In essence, these bills attack the legality of the drawing of the jury, hence, will be considered together.
The primary complaint raised in Bills of Exceptions Nos. 15 and 19 is the non-compliance with the provisions set forth in article 416 of the Code of Criminal Procedure. We have examined the testimony adduced at the hearing in connection with these bills and find no irregularities in the drawing of the petit jury venire. The claim of defendants that less than 250 names were contained in the general venire when the petit jury venire was drawn is unsubstantiated. Moreover, any variation from the strict letter of the law does not permit the composition of a grand or petit jury to be set aside because of insignificant technicalities or irregularities unless there is a showing that some fraud has been practiced or great wrong committed which would work irreparable injury to the accused. La.Code Crim.P. art. 419 (1966); State v. Clifton, 247 La. 495, 172 So.2d 657 (1965) and cases cited therein. See also State v. Hollingsworth, 292 So.2d 516 (La.1974).
Bills of Exceptions Nos. 23 and 25 attack the method of selecting tales jurors as provided in article 785 of the Code of Criminal Procedure. Defendants complain that the trial judge ordered the summoning of tales jurors from among the bystanders as provided in article 785(D) prior to exhausting names from the general venire box. There is no merit to this contention. Article 785(D) clearly authorizes the trial judge to order the summoning of tales jurors from among the bystanders or persons in or about the courthouse "in place of the drawing of tales jurors." XThe Official Revision Comment in paragraph (e) states that, under this article, "in parishes other than Orleans, the court has unrestricted authority to summon bystanders as tales jurors. In some sparsely populated areas of the state, the use of bystanders as jurors is preferable to summoning tales jurors who might reside at a far distance from the court." Permitting *738 the selection of tales jurors from among bystanders or persons in or about the courthouse is not violative of the right to an impartial jury. See State v. McGuire, 254 La. 560, 225 So.2d 215 (1969); State v. Ferguson, 240 La. 593, 124 So.2d 558,cert. denied, 366 U.S. 913, 81 S.Ct. 1089, 6 L.Ed.2d 237 (1960). Hence, these bills are without merit.

BILL OF EXCEPTIONS NO. 16
Defendants filed a motion to suppress two pistols, two motorcycle helmets, paper sacks and currency. They claim these items were illegally seized since there was no search warrant. It is their contention that the seizure of these articles violates the fourth amendment guarantee against unreasonable searches and seizures. The motion was denied, and this bill was reserved.
The facts do not support defendants' contention. The robbery of the bank located in Chatham, Louisiana took place about 12:45 p.m. According to the witnesses, it was committed by two males wearing motorcycle helmets and ski masks. They also wore coveralls and gloves. These men were seen leaving on a motorcycle. A bulletin was broadcast over the police radio giving the description of the robbers. Deputy Alfred Richardson received the call about 1 o'clock, at which time he was located approximately four miles outside of Chatham. Immediately after receiving this call, he observed two men wearing helmets and ski masks passing by on a motorcycle. He gave chase, and, in the ensuing flight, a bag containing currency, a helmet and a ski mask, and two objects (later ascertained to be pistols) were either thrown or dropped from the motorcycle. Finally, the motorcycle was halted after a chase of about three miles. Defendants were placed under arrest. A helmet and ski mask were taken from one of the defendants. The other articles, which had been abandoned, were then retrieved.
Under the facts and circumstances of this case, the officer had reasonable or probable cause to believe that defendants had committed this offense. Hence, defendants were lawfully arrested, and the subsequent seizure of the helmet and ski mask from one of the defendants did not violate the fourth amendment guarantee against unreasonable searches and seizures. La.Code Crim.P. art. 213 (1966), as amended, Acts 1972, No. 646, § 1. State v. Herron, 301 So.2d 312 (La.1974); State v. Jefferson, 284 So.2d 882 (La.1973); State v. Warren, 283 So.2d 740 (La.1973); State v. Wood, 262 La. 259, 263 So.2d 28 (1972); State v. Johnson, 249 La. 950, 192 So.2d 135 (1966). The two pistols, the bag containing the currency and one of the motorcycle helmets and ski masks were abandoned during the chase. Abandoned property does not fall within the protection of the fourth amendment, and police have the right to retrieve it. Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); State v. Winesberry, 256 La. 523, 237 So.2d 364 (1970). In sum, there is no merit to this bill.

BILLS OF EXCEPTIONS NOS. 17 AND 27
Defendants moved to sequester the jury venire during voir dire examination (Bill of Exceptions No. 17) and prospective jurors (Bill of Exceptions No. 27). The motions were properly denied.
This court has repeatedly held that there is no abuse of discretion in the denial of a motion to sequester either selected or prospective petit jurors. State v. James, 305 So.2d 514 (La.1974); State v. Robinson, 302 So.2d 270 (La.1974); State v. Ferdinand, 285 So.2d 530 (La.1973).

BILLS OF EXCEPTIONS NOS. 18, 20 AND 22
In Bill of Exceptions No. 18, the trial court sustained the state's challenge *739 for cause of the prospective juror, Fenn, when in answer to examination by the court, he stated that his acquaintance or friendship with the defendants would perhaps have an effect on his judgment as a juror. No error appears in this ruling.
In Bill of Exceptions No. 20, the trial court sustained another challenge for cause by the state when a prospective juror, Redding, stated that he would not convict on circumstantial evidence. This is one of the specific challenges for cause under article 798 of the Code of Criminal Procedure.
In Bill of Exceptions No. 22, the trial court refused to sustain defendants' challenge for cause to the prospective juror, Dark. Although this juror at first stated that the fact that defendants had been picked up indicated that they must have had some connection with the crime, he later made it clear that he presumed them innocent until proven guilty. It is evident from a review of his examination that he could render an impartial verdict according to the law and the evidence. La.Code Crim.P. art. 797 (1966). Hence, the ruling denying this challenge for cause is correct.
These bills are without merit.

BILLS OF EXCEPTIONS NOS. 21, 24 AND 26
Bill of Exceptions No. 21 concerns the denial of a motion for mistrial made during the voir dire examination of the prospective juror, Dark. Dark made remarks concerning newspaper publicity in response to questions elicited by defense counsel. Nothing objectionable was stated by this prospective juror. Defendants assert no ground for a mistrial. La.Code Crim.P. art. 775 (1966).
Bill of Exceptions No. 24 relates to the denial of a motion for mistrial because of publicity in the case. On July 11, 1974, an article appeared in the Jackson Independent, a weekly newspaper, which stated that jurors were being selected to serve in the trial of defendants, who had been "charged with the armed robbery of the Peoples Bank in Chatham and other thefts." Defendants allege that this article was untrue since defendants were not charged with "other thefts," but with another armed robbery. Defendants produced no testimony to show that this news item had any effect on any prospective juror or in any way prejudiced the defendants. Hence, no ground for mistrial existed.
Bill of Exceptions No. 26 complains of the denial of a mistrial because of alleged fixed opinions on the part of prospective jurors. No specific jurors are mentioned nor does it appear that any challenges for cause were denied in error. The record reflects that prospective jurors were fully questioned concerning the publicity and the possibility of a fixed opinion in the case. In the few instances when a juror responded that he had a fixed opinion, he was challenged for cause and the challenge was granted. The motion was properly overruled. In sum, these bills are without merit.

BILL OF EXCEPTIONS NO. 28
When a witness testified at trial that both defendants had guns, defendants objected, claiming that, since the bill of information charged the use of "a dangerous weapon," this testimony was prejudicial. The objection was properly overruled, for the bill of particulars clearly states that pistols were used in the commission of the robbery and that two weapons were in possession of the state. Thus, defendants were fully informed of this fact and could not claim surprise. The testimony complained of was obviously non-prejudicial. Hence, there is no merit to this bill.

*740 BILL OF EXCEPTIONS NO. 29
Defendants objected to testimony given by the deputy sheriff who arrested them concerning a radio dispatch received by the deputy. The objection was that the testimony was hearsay. The trial judge overruled the objection, and this bill was reserved.
A well-known rule is that evidence is non-hearsay which is offered not to prove the truth of the facts recited, but to prove that the utterance occurred. State v. White, 301 So.2d 321 (La.1974); State v. Gonzales, 258 La. 103, 245 So.2d 372 (1971); State v. Raymond, 258 La. 1, 245 So.2d 335 (1971). In this case, the deputy's testimony was offered solely for the purpose of establishing the fact that he received a radio message that a robbery had been committed at a bank in Chatham by two men who left on a motorcycle. It was not offered to prove the truth of its content, but, rather, that the utterance occurred. Furthermore, the jury was instructed as to the limited purpose of this offer. Hence, such evidence is nonhearsay and, because of its relevancy, is admissible in the present case.

BILL OF EXCEPTIONS NO. 30
Objection was made by defendants to the state eliciting testimony concerning the arrest of defendants. The objection was overruled, and this bill was reserved. Defendants contend that, since the police radio broadcast was inadmissible, there was no probable cause for the arrest. Having found the objected-to testimony nonhearsay and admissible in Bill of Exceptions No. 29, it follows that this bill is likewise without merit.

BILL OF EXCEPTIONS NO. 31
The trial judge, over defendants' objection, allowed the deputy to testify that he had a scuffle with one of the defendants when he arrested him. It is claimed that this portion of the testimony was not only irrelevant and immaterial, but was also inflammatory and an attempt by the state to establish that the defendant had a violent and argumentative nature. Prejudice is thus claimed to have been suffered by defendants in this regard. The objection is unfounded. The testimony regarding the scuffle is part of the facts describing the arrest. It was thus relevant and material. Hence, the bill lacks merit.

BILLS OF EXCEPTIONS NOS. 32, 33, 34, 35, 36, 37, 38, 39, 40, 41 AND 43
These bills relate to the introduction by the state of the following physical evidence: a .38 caliber pistol and bullets; a .22 caliber pistol and bullet clip; a blue ski mask; a brown ski mask; two motorcycle helmets; two pairs of gloves; and two pairs of coveralls. Defendants objected to the introduction of these items on grounds of relevancy and chain of custody. The objections were overruled, and these bills were reserved.
The victim, Barbara Hatten, testified that the robbers were wearing motorcycle helmets and ski masks, were dressed in coveralls, wore gloves and carried pistols at the time of the offense. They were viewed by a witness leaving on a motorcycle. All items introduced into evidence were either taken from defendants at the time of their arrest or retrieved from where defendants had been observed discarding the objects during the chase prior to their arrest. There was also ample evidence as to the possession of these articles from the time of recovery until introduction into evidence at trial. The evidence clearly establishes the relevancy and chain of custody of these items. Hence, they were properly received in evidence by the trial court. State v. Freeman, 306 So.2d 703 (La.1975) and authorities cited therein.

*741 BILLS OF EXCEPTIONS NOS. 42, 44 AND 45
In these bills, it is complained that the trial court allowed redirect examination of state witnesses (Barbara Hatten, the victim; James VanBeasley, the chief criminal deputy; and Mrs. Daigle, an employee of the bank) over defendants' objection. Wide discretion in permitting redirect examination is accorded the trial judge, provided that the opportunity be not denied to recross on new matter brought out. La.R.S. 15:281, added by, Acts 1966, No. 311,§ 2. We find no abuse of discretion by the trial judge in the instant case. State v. Jefferson, 284 So.2d 882 (La.1973). Hence, these bills lack merit.

BILL OF EXCEPTIONS NO. 46
This bill was reserved when the trial court refused to grant a directed verdict of acquittal at the conclusion of the state's case. The directed verdict of acquittal is provided for in article 778 of the Code of Criminal Procedure. State v. Douglas, 278 So.2d 485 (La.1973). We have reviewed the transcript of testimony of the state's case and find there is more than sufficient evidence to justify a verdict of guilty. Accordingly, this bill lacks merit.

BILL OF EXCEPTIONS NO. 47
This bill relates to the refusal of the trial court to permit two of defendants' witnesses to testify. These witnesses had not been placed under the sequestration rule invoked by defendants at the outset of the trial. Defendants assert that they did not have these witnesses placed under the rule as they had no idea that they would be used at trial. However, as a result of Deputy Richardson's testimony, who had been called as a defense witness, it was necessary to call these witnesses for the purpose of impeaching his testimony.
The context facts pertaining to this bill are as follows. Barbara Hatten, the victim, in identifying the coveralls worn by defendants at the time of the offense, testified that the ones worn by the shorter robber had sleeves (long) at the time of the robbery. Likewise, Mary Daigle, another state witness, identified the garments and also testified that one of the pair of coveralls had long sleeves in it at the time of the robbery. Deputy Richardson testified during the state's case in chief that he had torn both sleeves of the coveralls worn by Jiles during a scuffle on the road when Jiles attempted to get away at the time defendants were apprehended. Subsequently, defendants called Deputy Richardson as a defense witness. Defense counsel requested Richardson to identify the coveralls allegedly worn by Jiles and, when questioned about the sleeves, Richardson testified that he tore off both sleeves during a fight which occurred at the time Jiles was being arrested. Richardson's testimony in this regard was the same as his previous testimony given during the state's case in chief.
At this point, defense counsel attempted to call two witnesses for the purpose of impeaching the testimony of Richardson in regard to the issue of whether the two sleeves had been torn off on the Ruston Highway. The state objected. At first, the court was going to permit the witnesses to testify even though they had violated the sequestration rule. Defense counsel was then allowed to call the first of these witnesses (Pearl Barnett). However, upon realizing that defense counsel was attempting to impeach his own witness, the trial judge ruled that these witnesses could not be called to testify under the circumstances presented, i.e., to impeach Deputy Richardson who had been called by the defense.
The ruling was correct. Impeachment of one's own witness is allowed under the following provisions of La.R.S. 15:487:
No one can impeach his own witness, unless he have (sic) been taken by surprise by the testimony of such witness, or unless the witness show (sic) hostility toward him, and, even then, the impeachment *742 must be limited to evidence of prior contradictory statements.
The meaning of "surprise" is set out in R.S. 15:488, as follows:
"Surprise" in the sense of the last preceding article does not arise out of the mere failure of the witness to testify as expected, but out of his testifying upon some material matter against the party introducing him and in favor of the other side.
When an opposing party calls as its own a witness previously subpoenaed by the other, the party who calls the witness is subject to the same limitations of examination and impeachment as in the case of any other witness called by such party. State v. Frizzell, 273 So.2d 831 (La.1973).
Neither surprise nor hostility could be the basis for the attempted impeachment in the present case. Deputy Richardson testified during the state's case in chief that in the scuffle on the road when the defendants were apprehended, Jiles broke away and he tore the sleeves of his coveralls. When called by defendants, his testimony in this respect was not at variance with that previously given. Additionally, impeachment of one's own witness is limited to evidence of prior contradictory statements. La.R.S. 15:487. Here, Deputy Richardson had made no prior contradictory statement. Furthermore, there was no foundation for impeachment as required by law. La.R.S. 15:493. In sum, there is no merit to this bill.

BILLS OF EXCEPTIONS NOS. 48 AND 49
It is asserted in these bills that the trial court erred in denying defendants' motions for new trial and in arrest of judgment. These motions present the same arguments raised in the previously discussed bills. No new matters are presented for consideration. Accordingly, these bills are without merit.

BILL OF EXCEPTIONS NO. 50
In this bill, defendants reurge the same contention raised in a previous application to this court for writs of certiorari, prohibition and mandamus (No. 55,220). They sought therein to be released on bond pending appeal to this court, 299 So.2d 363. On August 30, 1974, we denied the application with the notation "there is no error in the ruling of the trial judge." Having considered this contention previously, we need not reconsider the contention reurged. Hence, the bill is without merit.
Defendants' alternatively contend that the record was incomplete during the period allotted for preparation of the bills of exceptions. No showing is made other than an assertion to this effect. Hence, we find no substance to this contention.
Defendants further urge in a supplemental brief filed in this court that the sentences given in this matter are illegal. Again, no basis is set forth for this assertion. In our view, the sentences imposed are in accordance with law.

DECREE
For the reasons assigned, the convictions and sentences of Danny Monk and Jimmy Jiles are affirmed.
BARHAM, J., concurs with reasons.
DIXON, J., concurs, believing the discussion of bills 5 & 7 is incomplete as to whether time of offense must be given.
BARHAM, Justice (concurring).
While I concur in the result reached by the majority, I do not accept the majority's *743 blanket disposition of Bills of Exceptions Nos. 5 and 7. The defendants here did not ask for the State to present physical evidence for the purpose of obtaining examination of the evidence by an expert, but through use of a motion for a bill of particulars asked the State to declare what physical evidence it possessed. A bill of particulars is the method by which a defendant should be permitted to ascertain if the State has any physical evidence which may require the attention of an expert and the use of his testimony. An innocent defendant cannot describe physical evidence held by the State so as to specifically require the presentation of that evidence for pre-trial examination.
I am of the opinion that all physical evidence which may require expert opinion testimony is subject to pre-trial examination. See my dissents in State v. Barnard, 287 So.2d 770 (La.1974) and State v. Jones, 263 La. 164, 267 So.2d 559 (1972). Apparently, the Fifth Circuit Court of Appeals is also of this view. See Barnard v. Henderson, 514 F.2d 744 (Fifth Cir. 1975). If the majority of this Court fails to make this clear pronouncement, it is, nevertheless, very obvious that defendants who are deprived of the right to pre-trial examination of this evidence will have their convictions set aside when they ask for postconviction remedy in the federal system. Barnard v. Henderson, supra. Even in the absence of a specific requirement by a majority of this Court that the State produce such evidence, the trial court may wish to prevent unnecessary expense and effort in the trial of cases which will surely result in automatic reversal in the federal system.
In the case at hand, a review of the record indicates that the physical evidence which was actually introduced was not, in the context of the proceedings, evidence that required an expert's examination and testimony. For that reason the error was not prejudicial and I concur.
NOTES
[1] Davis and Mayfield applied for writs on September 20, 1974, requesting this court to order the trial court to hold a hearing on a motion to suppress an oral confession. A writ of certiorari with a stay order was granted. At request of the trial court, the stay order was lifted to permit the trial court to proceed with a hearing on the motion to suppress. A hearing was held, and defendants' motion was denied. The matter thus became moot and was dismissed on motion of the state on October 29, 1974. A mandatory directive to the trial court to hold a hearing on a motion to suppress an oral confession also issued on October 18, 1974 in State v. Jenkins, 302 So.2d 20 (La.1974).
[2] State v. Goodson, 116 La. 388, 40 So. 771 (1906).
[3] State v. Lee, 173 La. 966, 139 So. 302 (1932); See, State v. Hollingsworth, 292 So.2d 516 (La.1974).
[4] La.R.S. 14:64; State v. Hubbard, 279 So.2d 177 (La.1973); State v. Pickett, 261 La. 237, 259 So.2d 307 (1972).
[5] La.Code Crim.P. art. 382 was amended by Acts 1974, Ex.Sess., No. 19, § 1, eff. Jan. 1, 1975 to provide in pertinent part that a prosecution for an offense punishable by death, or for an offense punishable by life imprisonment, shall be instituted by a grand jury. Other criminal prosecutions in a district court shall be instituted by indictment or by information. Article 1, section 15 of the Louisiana Constitution of 1974, effective December 31, 1974, provides that prosecution of a felony shall be initiated by indictment or information, but no person shall be held to answer for a capital crime or a crime punishable by life imprisonment except on indictment by a grand jury.
[6] La.Code Crim.P. art. 465(42) provides: "Armed RobberyA.B., while armed with a dangerous weapon, robbed C.D." The bill of information filed herein charges that "Danny Monk and Jimmy Jiles on the 8th day of April, 1974 at and in the Parish, District and State aforesaid, then and there, while armed with a dangerous weapon, robbed Barbara Hatten, in violation of La.R.S. 14:64."
[7] The grounds for recusation of a judge are set out in article 671 of the Louisiana Code of Criminal Procedure.
[8] Trial of this matter was conducted on July 10, 11 and 12, 1974.
[9] Article 702Setting cases for trial:

Cases shall be set for trial by the court on motion of the state, and may be set for trial on motion of the defendant.
Courts shall adopt rules governing the procedure for setting cases for trial and giving notice thereof. The defendant shall be given notice of trial sufficiently in advance thereof so that he may summon his witnesses.
[10] See La.Code Crim.P. art. 831 (1966); State v. Scott, 283 So.2d 250 (La.1973); State v. LeBlanc, 116 La. 822, 41 So. 105 (1906).
[11] Where implicating statements are not introduced at trial, defendants have no standing to complain of a violation of the sixth amendment right to confront their accusers. State v. Darby, 310 So.2d 547 (La.1975).