LANDRY, Justice ad hoc.
Defendant, Earl Champagne, appeals his jury conviction of the crime of manslaughter and sentence to imprisonment at hard labor, pursuant to his indictment by an East Baton Rouge Parish grand jury for the offense of first degree murder. (La.R.S. 14:30)
For reversal of his conviction, Appellant relies- upon a single assignment of error, namely, that the trial court improperly denied his pre-trial motion to quash the indictment on the ground that no proces verbal of the selection of the grand jury and the drawing of thé grand and petit jury venires was made and filed with the Clerk of Court, East Baton Rouge Parish, as required by La.C.Cr.P. Article 417. Finding no merit in Appellant’s assignment of error, we affirm.
The drawing of a general venire is controlled by La.C.Cr.P. Article 408 which provides that in parishes other than Orleans, the jury commission shall impartially select a general venire of at least 300 persons possessing the qualifications to serve as grand jurors. It also provides the mariner in which said list shall be certified, labelled and maintained.
Also, in parishes other than Orleans, grand jury venires must be selected by indiscriminate lot from the general venire box; alternatively, grand jury venires may be drawn with the aid of a properly programmed computer, provided no grand jury venire shall be drawn from a general venire of less than 300 names. La.C.Cr.P. Article 411.
Pursuant to La.C.Cr.P. Article 416, in parishes other than Orleans, petit jury ve-nires must be drawn indiscriminately by lot in the number of 30 jurors, unless the jury commission is directed by the court to draw a larger number. The drawing is required to be made from individual name slips. The statute expressly authorizes an alternative method of computer selection by means of an electronic device programmed to draw names indiscriminately and by lot.
La.C.Cr.P. Article 416 mandates that a proces verbal of the selection of the general venire and grand and petit jury venires shall be made by the clerk of court; shall be certified by a member of the jury commission and shall be filed in the clerk’s office as a public record.
The remaining pertinent statutory provision is contained in La.C.Cr.P. Article 404 B, which states:
“B. .In the parish of East Baton Rouge the function of the jury commission shall be performed by the judicial administrator of the Nineteenth Judicial District Court or by a deputy judicial administrator designated by him in writing to act in his stead in all matters affecting the jury commission. The judicial administrator or his designated deputy shall have the same powers, duties and responsibilities, and be governed by those provisions of law as presently pertain to jury commissioners which are applicable, including the taking of an oath to discharge their duties faithfully. The clerk of court of the parish of East Baton Rouge shall perform the duties and responsibilities otherwise imposed upon him by law with respect to jury venires, shall coordinate the jury venire process, and shall receive the compensation generally authorized for a jury commissioner.”
It is conceded that conformably with Article 404 B, supra, the Judicial Administrator, Nineteenth Judicial District Court, East Baton Rouge Parish, performs the functions ordinarily incumbent upon the jury commissions in other parishes concerning the selection of general venires, grand jury venires and petit jury venires. Likewise, it is undisputed that in the performance of said duties, the Judicial Administrator utilizes a computer as authorized by Articles 411 and 416, supra.
The record discloses that the computer in question is programmed to randomly select names for the general venire from a com-' bined list of licensed drivers and registered voters in East Baton Rouge Parish. Individuals thus selected are furnished questionnaires, the responses to which are utilized to determine their qualifications as jurors as prescribed by La.C.Cr.P. Article *484 401. The questionnaires and responses are retained by the Judicial Administrator. The grand jury is then randomly chosen from the general venire, as needed. Both lists are retained by the Clerk of Court and Judicial Administrator.
Appellant contends that the absence of a proces verbal makes it impossible to determine whether the general venire and grand and petit jury venires were legally drawn and constituted because there is nothing to show that the venires represent a fair cross section of the community as required by applicable constitutional safeguard provisions. The argument is totally without support in the record.
The computerized method of selection utilized in this instance is expressly provided for by Articles 411 and 416, supra. Additionally, Article 404 B, supra, specifically empowers the Judicial Administrator to perform the duties of venire selection incumbent upon clerks of court in parishes other than East Baton Rouge.
In State v. Sheppard, 350 So.2d 615, p. 651 (La.1977), we approved the use by the Judicial Administrator, East Baton Rouge Parish, of the computerized use of licensed drivers and registered voters lists of said parish as representative of a fair cross section of the community insofar as jury selection is concerned, absent an affirmative showing of discrimination against any particular class of persons. We reaffirm and reiterate our Sheppard, supra, pronouncements on the issue.
Defendant has offered no proof whatsoever of discrimination in this instance. Indeed, defendant has not even alleged discrimination in any form or against any particular class of individuals.
Grounds for a motion to quash an indictment predicated on a challenge of the general venire or the grand or petit jury ve-nires are set forth in La.C.Cr.P. Articles 532(9) and 533(1). The former provides that a motion to quash may be based on the general ground that the general venire or petit jury venire was improperly drawn, selected or constituted. The latter recites that a grand jury indictment may be specially challenged by a motion to quash on the ground that the manner of selection of the general venire, the grand jury venire, or the grand jury was illegal.
“A motion to quash an indictment by a grand jury may also be based on one or more of the following grounds:
(1) The manner of selection of the general venire, the grand jury venire, or the grand jury was illegal.”
Our jurisprudence is well established to the effect that technical defects in a proces verbal, or failure to file the proces verbal as required, is not per se cause to quash an indictment. State v. Hall, 44 La. Ann. 976, 11 So. 574 (La.1892), in which a proces verbal was deposited in the clerk’s office but not filed. In State v. Thomas, 50 La.Ann. 148, 23 So. 250 (La.1898), an indictment was sustained despite irregularities in the proces verbal.
More recently, in State v. Sheppard, 350 So.2d 615 (La.1977), we considered the provisions of C.Cr.P. Article 419 which states that a grand jury indictment shall not be set aside for any reason unless it is shown that some fraud has been committed or some great wrong has occurred which would work irreparable harm to the defendant. We also held, in Sheppard, above, that the burden of proof in such cases rests upon the defendant. See also State v. Monk, 315 So.2d 727 at page 737 (La.1975), to the effect that insignificant irregularities in the composition of a grand or petit jury does not warrant quashing an indictment in the absence of a showing of fraud or resultant irreparable injury to the accused.
In this instance, Appellant has made no claim or showing of fraud or irreparable injury. The assignment of error made herein is without merit.
The conviction and sentence are affirmed.